## L. B. WRIGHT v. WILLIS FAWCETT.

1. CONTESTED ELECTIONS. While the District Court has in its general jurisdiction the power to try the right to an office, yet the "Act regulating Contested Elections," May 8, 1873, having prescribed a mode of deciding cases of contested elections designed to be final, the courts have no authority to adjudicate such cases other than as given by said act.
2, The jurisdiction of the District Court is dependent upon compliance with the pre-requisites prescribed by the statute in cases of contested elections.

APPEAL from DeWitt. Tried below before the Hon. D. D. Claiborne.

The facts sufficiently appear in the opinion.

*W. L. Davidson,* for appellant.

Upon the points argued I cite as follows :

Jurisdiction of District Courts : Bradley *v.* McGrabb, Dallam, 504 ; Roman *v.* Moody, Dallam, 512 ; Shelly *v.* Johnson, Dallam, 597 ; Banton *v.* Wilson, 4 Texas, 400 ; McKinney *v.* O'Connor, 26 Texas 5 ; Titus *v.* Latimer, 5 Texas; Sassie *v.* Schmidt, 6 Texas, 147 ; O'Brien *v.* Dun, 5 Texas, 592.

Jurisdiction of courts of limited jurisdiction : Lindsay *v.* Luckett, 20 Texas, 516.

Construction of the laws; McCullough *v.* Maryland, 4 Wheat., 421 ; Legal Tender cases, 12 Wall, 529 ; Hepburn *v.* Griswold, 8 Wall, 614 ; Texas *v.* White, 7 Wall, 729 ; 25 Texas, Supp., 467 ; Commonwealth *v.* Smith, 4 Binny, 123 ; Sutherland *v.* De Leon, 1 Texas, 250 ; Fletcher *v.* Peck, 6 Cranch, 87 ; Fisher *v.* Blight, 2 Cranch, 358 : Martin *v.* Hunter, 1 Wheat., 326 ; Cohen *v.* Virginia, 1 Wheat., 414 ; 1 Blackstone ; 2 Kent ; Story on the Constitution.

Justices of the peace are elected by the voters of the precinct. Statutes of 1870, p. 85, chapter 65.

*Philips, Lackay & Stayton,* for appellee.

GOULD, J. The parties to this suit were opposing candidates for the office of Justice of the Peace, of precinct No. 3, DeWitt County, at a general election held December 2d, 1873. Appellee Fawcett received the certificate of election, and appellant, on the 28th day of February, 1874, being after the expiration of thirty days from the return day, brought this suit to vacate said certificate, claiming that he was himself elected, having received a majority of the votes cast by the qualified voters of the precinct. By an amended petition, filed April 13th, 1874, he alleged, that within thirty days after the election, he, in writing, duly notified defendant, as would appear in the trial, that he would contest the validity of his certificate of election, stating the grounds on which he relied ; but does not state, nor does the record otherwise show, how

said notice was served, nor that a copy of the same had been filed with the clerk of the District Court.

Appellee excepted to the petition, on the ground that the mode prescribed by law for contesting elections had not been pursued.

The exceptions were sustained and the case dismissed.

The act regulating contested elections (Gen. Laws of 1873, p. 67), is as follows :

" Sec. 1. That any person intending to contest the election of " any one holding a certificate of election to any office in this State, " shall within thirty days after the return day, give him notice " thereof, in writing, and deliver to him, his agent, or attorney, " a written statement of the grounds on which he relies to sus- " tain such contest, and the person holding said certificate of " election, shall, within ten days after receiving such notice, de- " liver, or cause to be delivered to said contestant, his reply to " said statement, and such notice, statement, and reply, shall be " served on the parties in person, if they can be found ; if not, " upon their agent, or attorney, or by leaving the same with some " person over the age of sixteen years, at the usual place of abode, " or business of the party upon whom they are to be served."

" Sec. 2. If the contest be for the validity of an election for " any district or county office, a copy of the notices and other " papers served on the parties, shall be filed with the clerk of " the District Court of the county in which the residence of the " party holding the certificate of election is ; and when so filed, " the entry of the trial of said contest shall be made upon the " docket of said court, the same as other causes, and shall be " tried at the next term of said District Court, and upon the " rules governing proceedings in other causes, etc." There are other provisions in the act, which also repeals all former laws relating to contested elections, but enough has been quoted for the purposes of this case.

The case of Lindsay *v.* Luckett (20 Texas, 516) was decided under a statute containing substantially the same provisions in regard to notices and the filing of copies (Pas. Dig., Arts. 607,

608, 609), except that the contest for county officers was to be in the County or Commissioners' Court. The court held that the "notice and statement of the grounds of contest filed with the "clerk, are made the predicate on which the power of the court "is set in motion." We regard that case as conclusive of this. It is contended by appellant, however, that the District Court, under the constitution, having jurisdiction "of all suits, com- "plaints, and pleas whatever, without regard to any distinction "between law and equity, when the matter in controversy shall "be valued at; or amount to one hundred dollars, exclusive of "interest," has jurisdiction to try cases of contested elections, in- dependent of the statute. It is true that the District Court has juris- diction, as has been often held, to try the right to an office. (Ban- ton v. Wilson, 4 Texas, 402 ; Bradley v. McCrabb, Dallam, 504.)

To decide the result of an election is a question of a different character, "part of the process of political organization, and "not a question of private right." (Huselman v. Rems, 41 Penn. St. Repts., 396 ; and see Arbury v. Beavers, 6 Texas, 469, and Baker v. Chisholm, 3 Texas, 157 ; Walker v. Tarrant Co., 20 Texas, 16.) Where the law has provided a mode of deciding cases of contested elections, designed to be final, the courts have no authority to adjudicate such cases, other than that the law may give to them. (Batman v. McGowan, 1 Metcalf, 533 ; Grier v. Shackelford, 3 Brevord, 490 ; Skerrett's Case, 2 Parsons, 509, as reported in Brightly's Lead. Cases on Elec- tions, p. 320 ; Ewing v. Filley, 43 Penn. St., 389.)

The case of McKinney v. O'Connor, 26 Texas, 5, is cited in support of the constitutional jurisdiction of the District Court over cases of contested elections. The statute then in force authorized the trial of such cases in the District Court by the judge, and also gave the right of appeal to the Superior Court. The *decision* was that these courts had the right to hear and determine the cause. Some allusions are made in the opinion to the constitutional jurisdiction of the District Court, the ob- ject of which is not very clear, but certainly nothing is decided in conflict with this case.

The law has provided in what way elections may be contested, with the evident design that no other shall be pursued. The jurisdiction of the District Court was dependent upon compliance with the pre-requisites prescribed by the law ; and as the record does not show such compliance, we think the case was correctly dismissed.   The judgment is affirmed.

Affirmed.