J. B. WILLIAMSON v. GEORGE LANE.

1. JURISDICTION—APPEAL.—The Supreme Court can only exercise jurisdiction on appeal over proceedings which involved the determination of one of the enumerated subjects of which the Constitution gives the District Court jurisdiction. (Const., art. 5, sec. 3.)

2. JURISDICTION—CONTESTED ELECTION.—The contest of an election authorized by the act of May 8, 1873, regulating contested elections, and the act to amend the same, approved July 20, 1876, (Gen. Laws,

13th Leg., p. 67; Gen. Laws, 15th Leg., p. 70,) cannot be held to be either a "suit, complaint, or plea" in the sense in which those words are used in section 8 of article 5 of the Constitution.

3. ELECTIVE OFFICE.—The right to an elective office results from the legally-expressed choice of a majority of the electors; but how that choice is to be expressed and ascertained, is a matter of legislative discretion and determination.

4. SUIT FOR OFFICE—CONTESTED ELECTION.—There is a broad distinction between a suit for an office and a mere contest of the election as declared by the officer to whom the duty of certifying the fact is primarily intrusted. In one case, the immediate right of the plaintiff to the office and its fees and emoluments is the purpose and direct subject-matter of the suit; while in the other, the right to the office may result as a consequence from the contest, but is not its primary object, and may not follow from it although the contestant may prove successful.

5. SUIT FOR OFFICE—CONTESTED ELECTION.—The act of May 8, 1873, regulating contested elections, and the act to amend the same, approved July 20, 1876, (Gen. Laws, 13th Leg., p. 67; Gen. Laws, 15th Leg., p. 70,) contemplated and authorized a contest of an election, and not a suit for the office.

6. CONTESTED ELECTION.—Contests of election are authorized, by the acts above referred to, in the District Courts, for all district and county offices, irrespective of their value; while to maintain a suit, the office sued for must be of the value of at least $500.

7. CASES APPROVED.—Wright *v.* Fawcett, 42 Tex., 203; Rogers *v.* Johns, 42 Tex., 339; *ex-parte* Towles, 48 Tex., 413, approved.

8. ELECTION.—The determination of the result of an election is not a matter pertaining to the ordinary jurisdiction of the law in courts of justice. It is in the nature of a political question, to be regulated, under the Constitution, by the political authority of the State.

9. JURISDICTION—CONTESTED ELECTION.—Since the jurisdiction of the Supreme Court is, by the present Constitution, limited to "civil cases of which the District Courts have original or appellate jurisdiction," the contest of election not being a civil suit, it follows that jurisdiction of such contests cannot be conferred upon the Supreme Court without disregarding an express and positive restriction of the Constitution.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

Suit instituted in the District Court of Harrison county, by George Lane, appellee, to contest the election of J. B. Williamson, appellant, to the office of county judge of Harrison

county, at a general election held therein for State and county officers, November 5, 1878.

Amongst other matters, Lane claimed that all the votes cast at what is called Roy's box, in the city of Marshall, were illegal and void, and that by reason thereof they should not be counted; that if those votes claimed by appellee to be illegal be not counted, he was elected by a majority of 334 votes.

Appellant joined issue, and, among other matters, denied the illegality of the votes, and that to count the same he was elected by 158 votes.

The court adjudged the votes cast at Roy's box illegal, and that appellee was entitled by election to the office.

Motion setting up various grounds for new trial was filed by appellant and overruled by the court.

Appellee filed a motion to dismiss the appeal on the following grounds, viz.:

1st. Because no appeal lies from the judgment in this case, inasmuch as the case was tried before the judge of the District Court of Harrison county, Texas, in chambers, while the Constitution confers appellate jurisdiction on this court only in cases of appeal from judgments of the District Court. (Const. of 1876, art. 5, sec. 3; Ordinances of the Const. Conv., prescribing terms of the District Courts of the several judicial districts, sec. 2.)

2d. No appeal lies in cases of contested elections, the right of appeal not having been expressly conferred by law. (O'Docherty v. Archer, 9 Tex., 295; Rogers v. Johns, 42 Tex., 339; Wright v. Fawcett, 42 Tex., 203; Acts of 1876, sec. 2, p. 70.)

3d. Because even if the statute confers the right of appeal in cases of contested elections, still the right cannot be made available to litigants, inasmuch as there is no form or mode of perfecting the appeal prescribed. (Ward v. Ward, 37 Tex., 389.)

4th. Because the brief of appellant is not prepared in accordance with the rules of the Supreme Court regulating the manner in which causes shall be prepared for submission, in this:

22

that each ground of error is not separately presented, but the assignments are conjointly presented, without separation. (Rules 29, 30.)

5th. Because since November 5, 1878, the appellant has accepted an office inconsistent with the one which he insists on being adjudged to him, to wit, the office of commissioner of the Circuit Court of the United States of America for the Eastern District of Texas, at Marshall, in the county of Harrison, in said district, as is shown by the certified copies, under the hand and seal of the clerk of said Circuit Court, of the order of appointment of said Williamson as said commissioner, of the oath of office of said Williamson as said commissioner, and of the commission issued by the clerk of said Circuit Court to said Williamson as said commissioner, hereto annexed, marked "Exhibit A," "Exhibit B," and "Exhibit C," respectively, and made a part of this motion, said appointment having been made October 18, 1879. (Stubbs *v.* Lee, 18 Am. R., 251.)

Exhibits were filed with the motion, certified to by the clerk of the Circuit Court of the United States for the Eastern District of Texas, sustaining the facts set forth in the fifth ground of the motion. The proceeding was brought up on an agreed statement of facts.

The notice of contest states that appellant, as returning officer, had issued to himself a certificate of election certifying that he had been elected county judge of Harrison county, and that in doing so he had estimated illegal votes for himself, specifying the same as follows:

1st. That in making the count in favor of appellant, he, as such returning officer, estimated and counted the votes cast at a box located at William Roy's office, in the corporate limits of the city of Marshall, W. L. Sloan being managing officer and M. R. Geer and J. D. Adair judges of the election at that box, and alleging that the votes cast at said box were illegal and void.

2d. That said box was situated without the limits of the

election precinct where the persons voting then resided, and that no person voting in said box resided within the election precinct where said box was located.

3d. That said box was situated in ward No. 3 in the city of Marshall, said ward being a separate election precinct; and no one voting at said precinct box resided in ward No. 3, but they all resided without the limits of said ward and outside of the corporation of the city of Marshall.

6th. That W. L. Sloan, the managing officer, and J. D. Adair, one of the judges of said election, resided without the limits of the election precinct where said box was located, and resided in other precincts of Harrison county.

7th. That the managing officer and judges resided in different precincts, and no two of them in the same precinct.

8th. That no legal notice was given of an election to be held in the election precinct.

9th. That no legal order of the Commissioners' Court of Harrison county was ever made fixing the location of said box in said ward No. 3 for voters residing outside of said ward.

10th. That no legal order of said Commissioners' Court was made by which W. L. Sloan was managing officer of the election.

11th. That at said box more than 500 illegal votes were polled for appellant by persons who were minors, convicts, and persons not residing in Harrison county for the requisite time.

12th. That at said election appellee received a majority of all the legal votes cast in said county for county judge of that county.

14th. That the judges at said box did not count the vote as required by law; that said box was moved out of said precinct, and that the said judges did not remain to count the vote until all were counted.

The notice further stated that appellee will contest appellant's right to said certificate of election for the reasons aforesaid; and because said certificate was issued in defiance of the

injunction of the District Court of Harrison county; and because said certificate was issued without the impress of the seal of the County Court of Harrison county; and that if the Commissioners' Court ever made any order establishing Roy's office as a voting place for voters outside of the corporate limits of the city of Marshall, the same was made without authority of law, and therefore void; that the votes polled at the box at said Roy's office were illegal for the reasons aforesaid; that more than 700 votes were polled there, which were counted by appellant for himself, and that appellant issued to himself said certificate of election based on said votes; that at the election held at the several election precincts of said county, excluding said box at Roy's office, appellee received a majority of more than 500 votes for said office of county judge.

The notice was filed on the 12th day of December, 1878, and the original was served on appellant by the sheriff on the 12th or 13th day of December.

On the 17th day of December, 1878, appellant filed his answer, which contained a general demurrer, special exceptions, general denial, and a special answer, setting up, among other things, that at the election appellant received of the votes cast by the qualified electors who voted at said election a majority of 158 votes; that he received a certificate of election to said office from the proper returning officer of said county; that the votes polled at said Roy's box were all legal and valid; that the said box at Roy's office was established as a voting place by the Commissioners' Court of Harrison county on the 3d day of April, 1878, which was published according to law; that at precinct No. 1, 500 legal and qualified voters were illegally prohibited from voting for appellant for said office; that at precinct No. 5, appellant was illegally and fraudulently deprived of 525 votes which were deposited and voted for appellant; that appellee issued to himself a certificate of election to said office after he had violently and forcibly taken possession thereof; that on the 18th day of November, 1878, three unauthorized persons pretended to count the votes cast

at said election and declare the appellee elected county judge of said county; that appellee and others acting with him illegally and fraudulently took possession of the seal of said County Court, so that the proper returning officer could not attach the same to appellant's certificate of election; that appellant has taken the oath of office as county judge according to law; that appellee, with other persons acting with him and for him, on the 18th day of November, 1878, forcibly and illegally entered the office of appellant, as county judge of said county, and ejected and expelled appellant therefrom, and took possession of all the records, books, and papers belonging to said office, together with said seal, and still holds and possesses the same. The original of this answer was served on appellee on the 23d day of December, 1878.

On the 27th day of December, 1878, appellee moved to strike out appellant's original answer, because the same was not served upon him within ten days after appellee's notice of contest was filed and served.

On the 30th day of December, 1878, the appellee filed a supplemental contest and exceptions to answer of appellant, which contained certain special exceptions to appellant's answer, a general denial thereof, and a special denial respecting the exclusion of voters at precinct No. 1.

On the 31st day of December, 1878, appellant filed a supplemental answer, setting forth that the return of the sheriff of the time of the service of appellee's notice of contest was vague, ambiguous, and uncertain, and that, in fact, the service of appellee's notice of contest was had upon him on the 13th day of December, 1878. On the 1st day of January, 1879, appellee excepted to the sufficiency of the answer last referred to.

The cause came on for hearing on the 2d day of January, 1879, when it was submitted to the court without a jury. The court adjudged that the appellant's exceptions to the sufficiency of the notice and causes of contest of appellee be overruled; that the appellee's exceptions to the supplemental an-

swers of appellant be sustained, and that appellee's motion to strike out the answer of appellant be sustained; to all of which appellant excepted. The evidence in the case being submitted, the court adjudged that the office of county judge of Harrison county belonged to the appellee.

The appellant moved for a new trial, because the court erred in overruling the appellant's exceptions to appellee's notice and cause of contest, and because the court erred in adjudging the office in controversy to appellee.

*H. P. Mabry, J. W. Pope,* and *William Steadman,* for appellant.

I. The voting box known as Roy's box was legally established as such for the reception of votes of persons residing in precinct No. 3 of Harrison county, and outside of the corporate limits of the city of Marshall. (Const. of 1876, sec. 2, art. 6; Gen. Laws of 1876, p. 306.)

II. By the Constitution, electors are required to vote in the election precinct of their residence; but the direction given by law to the Commissioners' Court to constitute election precincts and to change the same, and to appoint managers of elections, &c., is merely directory. The ultimate test of the validity of an election is involved in the question: Did the qualified electors, at the time and place designated, hold an election and cast their votes, and has it been done in such a manner as that the true result can be arrived at with reasonable certainty? ( McKinney *v.* O'Connor, 26 Tex., 11; *ex-parte* Towles, 48 Tex., 421; People *v.* Cook, 14 Barb., (N. Y. Rep.,) 259; Bright. Lead. Cas. on Elections, pp. 448, 449; Cooley's Const. Lim., pp. 74, 75, 77, 78, 617, 620, 621; Bright. Cas., p. 252; McCrary's Law of Elections, sec. 10.)

III. Irregularities will not vitiate an election, and when the officers charged with an election utterly disregard the law, still legal votes actually polled must be computed. ( *Ex-parte* Towles, 48 Tex., 422; People *v.* Cook, 14 Barb., (N. Y. Rep.,) 259; McCrary's Law of Elections, sec. 304.)

*James Turner, George Lane, William Aubrey, N. A. Steadman,* and *W. C. Lane,* for appellee.—In reply to the grounds of error as presented in the propositions of appellant in his brief, in the order in which they appear in said brief, appellant urges the following propositions, to wit:

I. The order of the Commissioners' Court of Harrison county, Texas, establishing the voting box known as Roy's box, in ward No. 3 of the city of Marshall, for the reception of the votes of persons residing in justices' precinct No. 3 of Harrison county, Texas, and outside of the corporate limits of the city of Marshall, was in contravention of the constitutional provision prescribing that all electors shall vote in the election precinct of their residence.

II. The constitutional provision prescribing that all electors shall vote in the election precinct of their residence, is mandatory, and cannot be disregarded. (Cooley's Const. Lim., p. 78; Chase v. Miller, 41 Penn. St., 403; Bright. Lead. Cas. on Elections, p. 221; McDaniels' Case, Bright. Cas. on Elections, p. 238; Bright. Lead. Cas. on Elections, p. 255; Knowles v. Yeates, 31 Cal., 93; 5 Cal., 343; 15 Cal., 221.)

MOORE, CHIEF JUSTICE.—The proceeding brought before the court by this appeal was instituted in the District Court, or before the judge thereof, by the appellee, George Lane, to contest the election of appellant, J. B. Williamson, to the office of county judge of Harrison county, at a general election for State and county officers held November 5, 1878.

By the present Constitution of the State, the jurisdiction of this court is limited "to civil cases of which the District Courts have original or appellate jurisdiction." (Const., art. 5, sec. 3.) To justify, then, this court in taking jurisdiction of this appeal, it must appear that this proceeding involves the determination of one of the enumerated subjects of which the Constitution gives the District Court jurisdiction; for it is to this constitutional jurisdiction of the District Court to which the clause of the Constitution quoted above must be referred.

An examination of the article of the Constitution enumerating the different subjects of which the District Courts are given jurisdiction, plainly shows that unless this proceeding can be held to be a suit, complaint, or plea, wherein the matter in controversy is valued at or amounts to $500, exclusive of interest, the District Court of Harrison county had no jurisdiction of the matter presented by this appeal, unless it was conferred upon it otherwise than by the Constitution.. (Const., art. 5, sec. 8.) This leads us to the inquiry, whether the contest of an election authorized by the act of May 8, 1873, regulating contested elections, and the act to amend the same, approved July 20, 1876, (Gen. Laws, 13th Leg., p. 67; Gen. Laws, 15th Leg., p. 70,) under and by virtue of which this proceeding was instituted and conducted, can be held to be either a suit, complaint, or plea in the sense in which these words are evidently used in the Constitution? These acts themselves, in my opinion, plainly answer this question in the negative.

That the right to an office may be, and has often been, the subject of a suit, cannot be questioned; but that the declared result of an election by the officer to whom this duty is intrusted, and the resultant right to the certificate of election, may be contested otherwise than by an action, or suit, or proceeding before a judicial officer or tribunal, is certainly as equally well established.

The right to an elective office, as every one will admit, results from the legally-expressed choice of a majority of the electors; but how this choice is to be legally expressed and ascertained is a matter of legislative discretion and determination. If the Legislature should see fit to do so, unless restrained by some constitutional provision, it may make the declared result by the officer by whom the election is conducted final and conclusive upon all parties, or may authorize a review of the action of this officer by some other executive officer or commission, or intrust its determination to an existing judicial tribunal, if its constitutional jurisdiction will warrant its taking cognizance of it, and if not, it may, under our pres-

ent Constitution, create one for this purpose.    (Const., art. 5, sec. 1.)

There is, however, a broad, well-established distinction between a suit for an office and a mere contest of the result of the election as declared by the officer to whom the duty of certifying the fact is primarily intrusted.    In one case, the immediate right of the plaintiff to the office and its fees and emoluments is the purpose and direct subject-matter of the suit; while in the other, the right to the office may result as a consequence from the contest, but is not its primary object, and may not follow from it although the contestant may prove successful.

The primary and direct purpose and effect of the contest is to pass upon and determine the legality and fairness of the election, and, if it should not be set aside altogether, to determine whether the contestant was in fact justly entitled to the certificate of election.    The power of the officer or tribunal before whom the contest is conducted, is limited to the mere award of the certificate of election to the successful contestant, or of ordering another election.    While the certificate may be conclusive evidence of his right to the office, still neither the officer nor tribunal before whom the contest is had gives him a judgment for it, or for the fees and emoluments of it, but leaves him, if not voluntarily surrendered by the contestee, to assert his title on the certificate.

It is, we think, plain upon the very face of these acts that they contemplate and authorize a contest of an election, and not a suit for the office.    The character of proceeding authorized by them is precisely the same whether the contest is prosecuted before the judge in chambers or before the court; and whether it shall be before the one or the other, is dependent, it seems, upon its probable most speedy determination.    Though heard before the court, it is to be determined without a jury; while if it was a suit, a trial by a jury could not be denied if demanded.    (Const., art. 5, sec. 10.)    Contests are authorized by these laws in the District Courts for all district and county

offices, irrespective of their value; while to maintain a suit, the office sued for must be of the value of at least $500.

In the case of Wright *v.* Fawcett, 42 Tex., 203, which was brought under the act of 1873 to. contest an election of a justice of the peace, the distinction between the contest of an election and a suit for the office is aptly and clearly presented. The court says: "It is contended by appellant, however, that the District Court, under the Constitution, having jurisdiction of all 'suits,' complaints, and pleas whatever, when the matter in controversy shall be valued at or amount to $100, exclusive of interest, has jurisdiction to try a case of contested election, independent of the statute. It is true that the District Court has jurisdiction, as has often been held, to try the right to an office. (4 Tex., 402; Dallam, 504.) To try the result of an election is a question of a different character—part of the process of political organization, and not a question of private right."

In the case of Rogers *v.* Johns, 42 Tex., 339, the court again held that the determination of the result of an election is not a matter pertaining to the ordinary jurisdiction of the law in courts of justice. It is in the nature of a political question, to be regulated, under the Constitution, by the political authority of the State.

The judge by whom the opinion of the court in these cases was pronounced (and this view of the matter, it must be inferred, I presume, was sanctioned by a majority of the court) entertained the opinion that although the District Court had no constitutional jurisdiction to try a contested election, such jurisdiction had been given it by statute, and if the statute had also given an appeal from its decision to this court, it might also entertain jurisdiction. While I did not concur in these conclusions of the majority of the court, if the constitutional provisions by which our action must be governed were the same as when they were decided, I might possibly feel myself constrained to give them controling weight in this case. But such is not the fact. By the seventh section of the fifth article

of the Constitution of 1869, the District Court is given "a general superintendence and control over inferior tribunals." No provision of similar import is to be found in our present Constitution. In the Constitution of 1869, while the Supreme Court had appellate jurisdiction only, which in civil cases was coëxtensive with the limits of the State, (art. 5, sec. 3,) its jurisdiction was not in express terms, as by the present Constitution, limited "to civil cases of which the District Courts have original or appellate jurisdiction." (Const. of 1876, art. 5, sec. 3.)

The court having decided in these cases (Wright v. Fawcett, 42 Tex., 203; Rogers v. Johns, 42 Tex., 339) that a contest of an election in the District Court is not a civil case, it necessarily follows that jurisdiction of it cannot be conferred upon this court without disregarding the express and positive restriction imposed upon its jurisdiction by the Constitution. And so, in effect, it has been heretofore held in the case of *ex-parte* Towles, 48 Tex., 413.

The court having no jurisdiction of this appeal, it is dismissed.

DISMISSED.

[Opinion delivered December 19, 1879.]

GOULD, ASSOCIATE JUSTICE (dissenting).—I do not concur in the opinion that the Constitution prohibits the Supreme Court from entertaining appellate jurisdiction of this case.

In my opinion, the Constitution gives no court jurisdiction over such special cases as contested elections, nor does it prohibit either the District Court or the Supreme Court from taking jurisdiction of such cases, when authorized by statute to do so. My views on this subject have heretofore been fully expressed. (*Ex-parte* Towles, 48 Tex., 413.)