## EX PARTE WHITLOW.

SUPREME COURT, AUSTIN TERM, 1883.

*Election Contest—County Seat—Jurisdiction--Appeal.*—The district courts have no jurisdiction over the contest of an election for the location of county seats.

Appeal from Wichita county. This was an *ex parte* proceeding filed by Whitlow, in the district court of Wichita county on December 30, 1882, under section 10, chap. 76, page 84, acts of 1879, regulating the "removal and location of county seats," the said Whitlow protesting against the result of an election held in said county on November 7, 1882, as declared by the county judge of said county, in his official count on December 22, 1882. The object of the protest was to contest the validity of certain votes cast, on the ground of illegality. A motion to intervene and petition for intervention was filed February 6, 1883, by David Ballow. February 8, 1883, the cause came on for trial, and the motion for intervention was overruled. Protestant then filed an amended protest. A motion was made to dismiss for want of jurisdiction, whereupon the court dismissed the

protest. To this judgment of the court the protestant excepted and appealed, and assigned errors which are disposed of in the opinion.

Opinion by Stayton, J.

In the case of *ex parte* Towles, 48 Tex., 414, it was in effect decided that the constitution did not confer jurisdiction upon the district court in cases of this character, and that the legislature had no power to change the jurisdiction given by the constitution, unless the power to make such change was given to the legislature by the constitution itself. In that case the matter was sought to be tried in the district court upon appeal from a county court, and although the act of the legislature then in force provided for such appeal, yet it was held that an appeal would not lie.

If the legislature had no power to confer such an appellate jurisdiction upon the district court, the constitution not having confided such appellate jurisdiction to some other tribunal, the legislature would be equally impotent to confer an original jurisdiction over the matter upon that court. The constitution does not expressly prohibit the legislature from conferring either appellate or original jurisdiction upon the district courts, which is not given by the constitution itself; but it must be presumed that the constitution conferred upon each court created by it, all the jurisdiction which it was intended it should exercise, and that he legislature has no power to add to, or withdraw therefrom, except as such power is expressly conferred by the constitution upon the legislature, as in Sec. 22, Art. 5. If any such general power had been conceived to exist in the legislature, the section of the constitution referred to would have been wholly unnecessary.

In the more recent case of Williamson v. Lane, 55 Tex., 343, which was a case arising under the act of July 29, 1876, by which, in terms, original jurisdiction was attempted to be conferred upon the district courts to entertain proceedings to contest the result of an election, it was again held, that jurisdiction did not exist in this court to revise upon appeal the judgment of the district court.

The act attempted to confer jurisdiction upon his court in such cases as well as upon the district courts, and whether it was held that this court had no jurisdiction because the district court had none under the constitution, or because it

was not within the power of the legislature to confer upon this court an appellate jurisdiction which the constitution had not conferred, is unimportant; for the power of the legislature, if such power could exist, would be just as ample to confer upon this court a jurisdiction which the constitution had not conferred, as to confer such jurisdiction upon the district court.

The difference between an action to contest the result of an election, which the present is purely, and an action by a person to recover an office which has value sufficient to confer jurisdiction upon the courts under the grants of power contained in the constitution, has been clearly pointed out in the cases referred to and in others, and we desire to be understood as expressing an opinion upon the case before us, which is of the first class, and upon none other. It is not believed that by section 2, article 9, of the constitution, it was intended to empower the legislature to change the jurisdiction of such courts as the constitution created, and of which it clearly defined the jurisdiction; but if this was not so, it could not change the result of this case, for that section relates to the removal of county seats once established, and not to the location of a county seat upon the organization of a new county.

Following the cases referred to, and others, the court below did not err in dismissing the *protest* for want of jurisdiction, and the judgment is affirmed.