FREEMAN *et al. vs.* THE STATE OF GEORGIA *ex rel.* McDON-ALD *et al.*

The act of 1883, which provided that, in case of contested elections for constable, corporate officers and others not provided for, testimony should be taken before some judicial officer, with notice given to the opposite party, and should be submitted to the judge of the circuit where the election took place, or of some other circuit, if he were absent or disqualified, for a decision, was not unconstitutional. The legislature was authorized to provide such a tribunal; and the act was not rendered unconstitutional by failing to provide for a trial of issues of fact by a jury.

March 4, 1884.

Constitutional Law. Elections. Courts. Before Judge CLARKE. Randolph County. At Chambers. February 18, 1884.

Reported in the decision.

W. C. WORRILL, by J. H. LUMPKIN, for plaintiffs in error.

A. HOOD, JR., solicitor general *pro tem.;* W. D. KIDDOO, for defendants.

BLANDFORD, Justice.

There was an election for mayor and council of the city of Cuthbert. Freeman having received the greater number of votes, and being the incumbent when the election was held, claimed to have been elected mayor. This was contested by McDonald, who claimed that he had received the largest number of legal votes, and claimed that he had been duly elected. Notices were given and proofs taken, as provided in section 1329 of the Code, and the same was submitted to the judge of the superior court of Randolph county, the county wherein Cuthbert is situated, and said judge decided said contest in favor of McDonald, the contestant. Notwithstanding this decision of the judge of the superior court, Freeman refused to yield the office and turn over the papers to McDonald, the successful contestant. An information in the nature of a *quo warranto* was filed by the attorney general, in behalf of the state, upon the relation of McDonald, upon petition first filed for that purpose, by leave of the court, against Freeman, who made a response to the same, in which he insisted mainly that the decision of the judge of the superior court on the contest in favor of McDonald was wrong, first, because contrary to the evidence ; and second, because the act of 1883 was unconstitutional and void, because there was no provision for trial by jury in said act, said judge acting both as judge and jury. This response or plea was demurred to by relator; the demurrer was sustained by the court, and the plea dismissed, and the court rendered a judgment of ouster against defendant in favor of relator. The respondent excepted to these rulings of the court, and error is assigned here on the same.

The act, approved September 21, 1883, provides that "in all elections for constable, corporation officers, and other officers not provided for, where there is a contest, the testimony shall be taken as prescribed in section 1329 of the Code, and be submitted to the judge of the superior

court of the circuit in which the county where the contested election was held is located, . . . who shall decide said contest within twenty days after the same is submitted." This act provides for a special court in cases of contested election as to the offices named in the act. In our opinion, the legislature has the power, under article 6, section 1, par. 1, of the constitution of this state, to establish such a court by law. That section and paragraph of the constitution declares, " The judicial powers of this state shall be vested in a Supreme Court, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law." This, in our judgment, is a clear grant of power to the legislature to establish this particular court in contested election cases, and it having been so established, with power given to the judges of the superior courts to decide this contest between these parties, the decision must stand until reversed or set aside in the manner pointed out by law. We do not think the failure to provide for a jury to determine facts, in the act of 1883, renders the act unconstitutional. In a government where the officers are elective, it is absolutely necessary that there should be some quick and summary way to determine contests of this character; public policy requires that the machinery of the government shall be put in operation, and this might be delayed for a long or indefinite time, if left to be determined by a jury and the ordinary tribunals of the country—motions for new trial and writs of error being the consequences of such proceedings. The case of Ewing *vs.* Filley, 43 Penn. State R., 384, is a well considered case by the Supreme Court of Pennsylvania upon a statute of that state somewhat similar to our act of 1883. In that case, it was held that the act of 1839, instituting the form of proceeding for contesting elections, and depriving a party claiming a public office by a popular election of a trial by jury on the disputed facts, is not unconstitutional. This case, with others, fully sustains the constitutionality of our act of 1883.

See McCrary on Elections, §§2888, 2889 ; 2 Par. (Penn.) 389 ; 44 Penn. St. R., 332 ; 26 Ark., 281 ; 53 Mo., 107 ; 64 *Id.*, 417 ; 52 Tex., 335 ; 42 *Id.*, 203 ; 48 *Id.*, 413.

We think that the act of 1883 is constitutional, and that the court did right in sustaining the demurrer to the pleas made by plaintiff in error, and rendering the judgment of ouster in this case ; and also in the case of Allison, Brooks and Gillispie *vs.* Denard, Crozier and Stanford. Let the judgment be affirmed in both cases.

Judgments affirmed.