## C. W. GIBSON ET AL. v. M. B. TEMPLETON.

(Case No. 1780.)

62  555
e91  133
36a  251
38a  672

1. CONTESTED ELECTION — JURISDICTION.— The district court has no jurisdiction, under the constitution, of a proceeding the only object of which is to contest an election as prescribed in Revised Statutes, title XXXIV.
2. SAME.— Nor has the legislature power to confer upon the district court such jurisdiction, it not being granted by the constitution.
3. SAME.— A proceeding to contest an election is not a " suit, complaint or plea," within the meaning of the constitution.
4. SAME.— A suit for an office is within the letter and meaning of the constitution, but the contest of an election, being an extra-judicial question, must be regulated by the political authority of the state.
5. SAME — CASES CITED, APPROVED AND QUOTED.— Wright v. Fawcett, 42 Tex., 203; Rogers v. Johns, id., 339; Ex parte Towles, 48 Tex., 413; Williamson v. Lane, 52 Tex., 344; Ft. Worth v. Davis, 57 Tex., 236; Ex parte Whitlow, 59 Tex., 273, cited.
6. SAME — PARTIES.— Though the legislature prescribes who shall be made parties to such a proceeding, yet where the subject-matter is such as cannot be litigated, the making of parties does not make the proceeding a suit.
7. SAME — SPECIAL TRIBUNAL.— The statute does not make the district judge a special tribunal for the trial of the contest. Vide R. S., arts. 1728, 1752.
8. SAME — APPEAL.— Were the district court such a tribunal, no appeal would lie to this court, as its appellate jurisdiction extends to such civil cases only as are within the appellate or original jurisdiction of the district court.
9. SAME — INJUNCTION.— Where the prayer for an injunction is intimately connected with the main object of the proceeding, itself declared to be extra-judicial, an injunction will not be granted.
10. SAME — APPEAL.— The refusal to grant an injunction in chambers (R. S., title LI) does not admit of appeal to the supreme court.

APPEAL from Ellis. Tried below before the the Hon. Geo. A. Aldridge, in chambers.

*Edwards & Fears* and *F. P. Powell*, for appellants, cited: Const., art. 3, sec. 8; id., art. 6, sec. 4; R. S., 1723, 1729, 1731, 1741, 1752, 1753, 1759; 53 Tex., 394; Arberry v. Beavers, 6 Tex., 459.

On jurisdiction of district court: Const., art. 1, secs. 3, 13, 17, 19; art. 3, secs. 8, 56; art. 6, sec. 4; R. S., arts. 1723. 1741, 1752, 1753, 1759; title XXXIV, ch. 6; id., 1122, 1126; Fort Worth v. Davis, 57 Tex., 236; State v. DeGress, 53 Tex., 398; Fletcher v. Peck, 6 Cranch, 128; Cooley's Const. Lim., 192, 218, 224; Sill v. Corning, 15 N. Y., 299; People v. Supervisors, etc., 17 N. Y., 241; People v. N. Y. Central R. R., 24 N. Y., 497, 504.

In general, and as to the injunction: Bourgeois v. Mills, 60 Tex., 77; Anderson Co. v. Kennedy, 58 Tex., 624; Fort Worth v. Davis, 57 Tex., 236; Duer v. Police Court, 34 Tex., 283; Floyd v. Turner,

23 Tex., 292; Lindsey *v.* Luckett, 20 Tex., 520; R. S., arts. 1122, 1126; Bill of Rights, Const., art. 1, secs. 3, 13, 17, 19; Story's Equity Jurisp., secs. 25, 27, 28, 29, 32.

*M. B. Templeton,* for appellee.

Willie, Chief Justice. — This proceeding was brought under title XXXIV, Revised Statutes, to contest and set aside an election held for the purpose of determining whether or not the sale of intoxicating liquors should be prohibited in Ellis county.

The county attorney of Ellis county was made contestee, and, upon a plea filed by him to the jurisdiction of the court, the proceeding was dismissed.

The appeal taken from this decision questions the correctness of the ruling of the district judge refusing to take jurisdiction of such a contest. It further questions his right to dismiss the proceedings when the equity powers of the court were invoked to prevent a wrong about to be committed in prohibiting the sale of intoxicating liquors as a result of the election, and in prosecuting the contestants should they continue to sell notwithstanding the illegal prohibition.

In declining to take jurisdiction of the proceeding, the district judge has followed the previous decisions of this court upon kindred subjects. His opinion filed in the cause is clear and conclusive, and it will be necessary for us to add but little to his argument, but merely restate some of the reasons upon which his decision is founded.

The opinions of this court rendered previous to that in *Ex parte* Whitlow, 59 Tex., 273, established clearly the following principles:

1. A district court has, under our constitution, no jurisdiction of any civil proceeding which is not a suit, complaint or plea wherein the matter in controversy is valued at or amounts to $500, exclusive of interest (*Ex parte* Towles, 48 Tex., 413; Williamson *v.* Lane, 52 Tex., 344), except it be a proceeding coming under its general power to issue an injunction (58 Tex., 616), *mandamus, certiorari* and writs necessary to enforce its jurisdiction.

2. The legislature has no power to confer upon the district court a jurisdiction not granted by the constitution. Hence it cannot authorize it to take cognizance of any proceeding, not a suit, complaint or plea, of the character above described. Same authorities.

3. That a proceeding to contest an election is not a suit, complaint or plea within the meaning of the constitution. That there

is a difference between the contest of an election and a suit for an office,— the latter being a suit within the letter and meaning of the constitution; the former involving a political, or rather extra-judicial, question to be regulated under the constitution by the political authority of the state.    Same authorities; also Wright *v.* Fawcett, 42 Tex., 203; Rogers *v.* Johns, id., 339.

The logical deduction from these well-settled principles is, that under the constitution of 1876 the district court cannot entertain jurisdiction of a proceeding, the object of which is merely to contest an election, and which is not a suit between claimants to an office for the recovery of the office itself.

In Williamson *v.* Lane these principles were applied to a contest for county judge, and it was held that the declared result of an election by the officer intrusted with the duty of making the declaration, and the consequent right to the certificate of election, could not be contested in this manner in the district court.

In *Ex parte* Towles they were applied to a contest about the location of a county seat, and it was held that it did not have the elements of a suit between parties of which the district court had jurisdiction either original or appellate.

It is true that to the proposition that the legislature cannot confer upon the district court a jurisdiction not granted by the constitution Mr. Justice Gould dissented; and in the subsequent case of Ft. Worth *v.* Davis, 57 Tex., 236, announced it as an open question, notwithstanding the decisions in *Ex parte* Towles and Williamson *v.* Lane.

But in the subsequent case of *Ex parte* Whitlow, 59 Tex., 273, the same question came again under consideration, and was decided in accordance with the views of a majority of the court as above stated.    It was there said that "it must be presumed that the constitution conferred upon each court created by it, all the jurisdiction which it may have intended it should exercise, and that the legislature has no power to add to or withdraw therefrom except as such power is expressly conferred by the constitution upon the legislature, as in sec. 22, art. V."

There is no such difference between the provisions of our Revised Statutes and those of the acts under which the foregoing cases were decided, as excludes the present case from coming within the scope of those decisions.

The Revised Statutes provide that the county attorney may be made party contestee, but he is a mere nominal party.    The statute did not contemplate that relief would be sought against him.

In this case, however, it is asked to enjoin him from prosecuting the contestants criminally if they sold liquors, notwithstanding the prohibition brought about by an illegal election. This relief, of course, the court could not grant under any circumstances. Although the county attorney was made a party, the court was at last called on to decide an extra-judicial question relating merely to the convenience and morals of the residents of Ellis county. This was not a proper subject of controversy between the contestants and the county attorney. By providing a nominal party contestee, the legislature cannot make that a suit which lacks the important element of a subject-matter, such as may be litigated between parties.

To the case of Williamson v. Lane there were parties contestant and contestee. The subject-matter was an election which, if legal in every respect, elected the appellant to a valuable office, but if the ballot box objected to was thrown out, the contestee was entitled to the office. Both parties had a direct interest in the subject-matter of controversy; yet the court held it not a suit, because it was not brought to recover an office withheld by the defendant from the plaintiff.

Much stronger would the reasoning of the court apply to the present case, which, with the exception of parties, has no characteristic of a suit either at law or in equity; and between these parties there is no controversy in which one seeks a judgment or relief as against the other.

Nor does the statute make the district judge a special tribunal for the trial of the contest. Whilst the proceeding may be commenced before him, it is to be tried in the district court in term time., in the same manner as other causes, except that there can be no jury nor continuance allowed in the cause. Art. 1728, 1752.

If the constitution prohibits the district court from taking cognizance of the proceedings, it cannot be selected as a special tribunal to which they may be submitted. This would be to do indirectly what the constitution forbids to be done directly. If allowed, it would open the door to confer jurisdiction upon the district court in cases withheld from it by the constitution—a jurisdiction unlimited except by the will of the legislature.

Even admitting that the district judge is the special tribunal appointed by the law to decide such contests, no appeal from the decision could be had to this court, as its appellate jurisdiction extends to such cases only as are within the original or appellate jurisdiction of the district courts. It does not extend to such decis-

ions of the judge as are made when not acting in the capacity of presiding officer of the court whose judgments are subject to the review of the supreme court.

The contestants were not entitled to the injunction asked in their petition. They could not, as we have seen, have the county attorney enjoined from instituting a criminal action against them. They could not certainly, in a proceeding against him alone, have the county commissioner and other parties enjoined from enforcing the result of the election.

The statute names the county attorney as a proper party to be made contestee, but did not thereby authorize an injunction to be granted against other persons without making them parties. It left that subject to be regulated as in other cases. The prayer for injunction here is closely connected with the main object of the proceeding, viz., the setting aside of an election. That being illegal the injunction necessarily fell with it. If claimed as a proceeding in chambers to obtain an injunction under title LI, Revised Statutes, then the refusal to grant it in chambers did not admit of an appeal to this court.

We are of opinion that this court has no jurisdiction of the present appeal, and it is dismissed.

DISMISSED.

[Opinion delivered December 4, 1884.]