## B. D. HARRIS v. JASPER WILLIAMSON.

Decided January 19, 1907.

**1.—Suit for Office—Jurisdiction.**

An office of profit is property, and may be sued for as any other property, and the alleged value of the office determines the jurisdiction of the court.

**2.—Same.**

Where in a suit for an office and its fees it was alleged that the value of the office was $400 the District Court had no jurisdiction of the suit.

Appeal from the District Court of Orange County. Tried below before Hon. W. B. Powell.

*Adams & Huggins* and *Holland & Holland,* for appellant.—District Courts have not jurisdiction to try title to an office of the value of less than $500 unless the suit is a quo warranto proceeding or a proceeding such as a contest instituted under the rules prescribed by law. Dean v. State, ex rel. Bailey, 30 S. W. Rep., 1047; Dean v. State, ex rel. Bailey, 88 Texas, 295; Jesse French Piano Co. v. Clay, 14 Texas Ct. Rep., 155.

No brief for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee against the appellant to recover the office of county commissioner for precinct number 4 of Orange County, together with the fees and emoluments of said office for a term of two years, which are alleged to be of the value of $400. The defendant answered by general demurrer and general denial. The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiff for the possession of the office and for the sum of $123, fees of said office shown to have been collected by the defendant.

The first assignment of error raises the question of the jurisdiction of the trial court to hear and determine the suit. It is well settled by the decisions of our Supreme Court that an office of profit is property and can be sued for by the person claiming title thereto just as suits may be brought for the recovery of any other character of property, and in such suits the value of the office or property in controversy determines the jurisdiction of the court. (Williamson v. Lane, 52 Texas, 335; State v. Owens, 63 Texas, 261; McAllen v. Rhodes, 65 Texas, 348.)

The Constitution of this State gives the County Court "exclusive jurisdiction in all civil cases in which the matter in controversy shall exceed $200 and not exceed $500 exclusive of interest." (Const., art. 5, sec. 16.) The petition in this case alleges the value of the office sought to be recovered to be $400, and under the provision of the Constitution above quoted the County Court has exclusive jurisdiction of the suit.

The case of Dean v. State, 30 S. W. Rep., 1047, was a *quo warranto* proceeding, and the jurisdiction of the District Court was upheld solely

on the ground that no other court had authority to issue a writ of *quo warranto* and therefore proceedings through such writ must be brought in the District Court regardless of the value of the office in controversy.

As before stated this is an ordinary suit to recover an office brought directly by the claimant against the person in possession and therefore the rule announced in the Dean case does not apply.

The trial court having been without jurisdiction to hear and determine the suit the judgment rendered therein must be set aside and plaintiff's suit dismissed, and it is so ordered.

*Reversed and dismissed.*