

# THE ATTORNEY GENERAL

## OF TEXAS

R-431

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 28, 1947

Hon. L. A. Woods, State Superintendent
Department of Education
Austin, Texas

Attention:  Hon. T. M. Trimble
            First Assistant

Dear Sirs:

Opinion No. V-219

Re:  Constitutionality of
     Art. 2676, V.C.S.

   We refer to your request of recent date acknowledged by the Attorney General on May 2, 1947, with attached letter from Hon. J. H. McDonald, President of the Board of Trustees of the Navasota Independent School District, concerning the recent election held in Grimes County for the election of a county school trustee at large.  The Board of Trustees is of the opinion that Article 2676, V.C.S., insofar as it seeks to disfranchise voters in all school districts except common and consolidated independent school districts is invalid and unconstitutional.  At the instance of the President of said Board, you request to be advised as to the constitutionality of Article 2676, V.C.S.

   Article 2676, V.C.S., as amended by Acts 1934, 43rd Legislature, 2nd C. S., Ch. 48, provides in part:

> "The general management and control of the public free schools and high schools in each county, unless otherwise provided by law, shall be vested in five (5) county school trustees elected from the county, one of whom shall be elected from the county at large by the qualified voters of the common and consolidated independent school districts of the county, and one from each Commissioner's Precinct by the qualified voters of each Commissioner's Precinct, . . ."

Under Article VII, Section 1, Constitution of Texas, the establishment and maintenance of public free schools is made a State object. The power granted to the Legislature in Section 3 of Article VII to create school districts and to the Board of Trustees to maintain public free schools therein in order to effectuate this State object is necessarily governmental. 37 Tex. Jur., p. 865. By Article 2676, V.C.S., the general management and control of the public free schools in each county is vested in five county school trustees, elected as provided therein, and under Article 2683, V.C.S., such trustees so elected are constituted a body corporate under the name of the County School Trustees.

The power of election of officers for public office resides originally in the people. They may provide, by the Constitution which they adopt, how the power shall be exercised, or they may leave it to the Legislature, as their representatives, to provide by law for the selection of said officers in such manner as will secure the best service for the public. In the absence of constitutional provisions for the method of filling public offices, the method is to be determined by the Legislature. So an office created by the Legislature is wholly within that body's power, and it may prescribe the mode of filling the office, and from time to time it may change the mode. 46 Corpus Juris, p. 950, and cases cited therein; Williamson v. Lane, 52 Tex. 335.

The Texas Constitution provides no method for filling the offices of county school trustees; thus, it is within the power of the Legislature to prescribe the method. The Legislature, by its enactment of Article 2676, has exercised its authority and discretion in the matter. It has determined that the qualified voters of common and consolidated independent school districts shall elect the county school trustee at large, that the qualified voters in each of the Commissioner's Precincts shall elect one county school trustee from their Commissioner's Precinct, which determination, in our opinion, cannot properly be construed as a disfranchisement of the voters of the county.

The elective franchise is not a right that is natural, God-given, inalienable, or inherent, but is a right conferred by the State or body politic. 16 Tex. Jur., page 38. Neither the Constitution nor the Texas statute confers the right on all qualified voters in a county to vote for the county school trustee at large, or, indeed, to vote for all the members on the County Board. Under Article 2676,

all the qualified voters of the county are represented by the five members on the County School Board, and each member of the Board represents all the people in the county.

The discretion of the Legislature in this matter not being abusive, arbitrary or in violation of any constitutional provision, we advise that Article 2676 is constitutional. Our former Opinions Nos. 0-2066, 0-3235 and 0-7293, advising that only qualified voters of common and consolidated independent school districts may vote for the county school trustee at large, are hereby confirmed.

<u>SUMMARY</u>

Article 2676, V.C.S., providing for the election of county school trustees is constitutional. Only qualified voters of common and consolidated independent school districts may vote for the county school trustee at large.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Chester T. Ollison*

Chester E. Ollison
Assistant

CEO:djm

APPROVED

*Price Daniel*

ATTORNEY GENERAL