Wheeler, J.
The statute which confers upon the County Court jurisdiction to try contested elections for county officers gives no appeal from its decisions. (Hart. Dig-., art. 919.) In constituting the tribunal, it was optional with the legislature to give an appeal or nof, as might best comport with their views of prablic policy. As no appeal was given, the inference must he that none was intended. The terms of office of these officers are of so short duration that in many cases the term would expire before tho right couhl he Anally determined, if the parties were allowed to litigate their respective clai ms through successive appeals to the court of last resort. Hot only public policy, "but the real good of the parties themselves who arc immediately affected by the decision, demands that controversies of the character of tho present should he determined with the least possible delay and expense. Such considerations doubtless induced the legislature to confer the jurisdiction to decide in contested elections of county officers on tho County Court, which from its organization can hear and determine the controversy at once, rather than upon the District Court, whose sessions are less frequent, and where the decision may he delayed by continuances from term to term for years. If it had been the intention that the District Court should take cognizance of the question in any form, or at any stage of the case, it probably would have been invested with the jurisdiction in the first instance, as in the case of contested elections for State officers. (Id., art. 94-1.) The conclusion that no appeal was intended from the decision of the County Court in these cases is strengthened by the fact that an appeal is given in express terms from the decision of the District Court in contested elections of State officers. (Id., 951.)
The reasons which influenced the decision of the court on this j.uiui in the *149 casos oí Field v. Anderson (1 Tex. R., 437) and Cullem v. Latimer (4 Id., 329) seem entitled to equal weight in this ease.
There having; been no appeal given or other mode of revising the decision of the County Court in the matter of this election provided by law, the decision is final. (Baker v. Chisholm, 3 Tex. R., 157; Arberry v. Beavers, 6 Id.; 6 Pet. R., 729.)
Tlte court therefore did not err in dismissing the certiorari. The affirmance of the judgment of the County Court was merely nugatory. It did not affect the judgment dismissing' the certiorari, which is affirmed.
Judgment affirmed.