DAVID S. SELLECK *vs.* THE COMMON COUNCIL OF THE CITY OF SOUTH NORWALK.

An amendment of a city charter provided that "the board of councilmen shall be the final judges of the election returns, and of the validity of elections and qualifications of its own members." Before the amendment the Superior Court had jurisdiction of the matter. Held that the board of councilmen had jurisdiction in the case of an election that had occurred before the passage of the amendment.

APPLICATION for a mandamus; brought to the Superior Court in Fairfield County.

The petition alleged that the petitioner was duly elected on the 17th day of June, 1873, a member of the common council of the city of South Norwalk, to which office he was elegible, and that he had taken the oath of office prescribed by law, but that the common council, by a majority vote, had declared his seat vacant, and had refused to admit him to the exercise of the office; and prayed for a mandamus to compel the council to rescind the resolution declaring his seat vacant and to admit him to the enjoyment of the rights and privileges of the office. An alternative mandamus was issued by the court, and the respondents made the following return:

Now the respondents, for answer to the petition in said case, say, that upon the petition of sundry voters of the city of South Norwalk, setting forth that the petitioner had not been duly and legally elected a councilman of said city at the election referred to in the petition in said cause, said common council at a legal meeting, the petitioner being present, appointed a committee of the members of their body to find the facts in relation to said election and report the same to said common council; that the petitioner was notified to appear before said committee, and did so appear, and claimed that he was legally elected a councilman of said city, as stated in his petition, and protested against such proceedings on the part of said common council, which protest was overruled by said council, whereupon he was fully heard with his evidence and counsel

in relation to the validity of his election as aforesaid, and said committee after a full hearing, on the first day of August, 1873, reported the facts found by them in relation to said election to said common council; and thereupon, on the 7th day of August, 1873, said common council, at a legal meeting, passed the vote referred to in the petition in said case; all of which they are ready to verify. Wherefore the respondents pray that said petition be dismissed with costs to the respondents.

To this return the petitioner demurred, and the court reserved the questions arising on the demurrer for the advice of this court.

On the 8th day of July, 1873, the legislature passed the following amendment of the charter of South Norwalk:— " *Be it enacted, &c.* : That the board of councilmen for the city of South Norwalk shall be the final judges of the election returns and of the validity of elections and qualifications of its own members." This amendment did not take effect until twenty days after the close of the session of the legislature. Before it was passed the Superior Court had by law jurisdiction of the matter, and the only question in the case was, whether the common council under the amendment had jurisdiction in the case of the election of the petitioner, which occurred before the passage of the amendment.

*Averill* and *Tweedy*, for the petitioner.

*Giddings* and *Beardsley*, for the respondents.

PARK, J. The only question raised by the record is, whether the statute passed by the legislature in 1873 applies to this case. That act took effect after the election of the petitioner as a member of the common council of the city of South Norwalk, but it was in force when the common council acted in reference to the legality of the petitioner's election, as set forth in the petition and return.

The petitioner concedes that the legality of his election could have been reviewed by the Superior Court, the tribunal

authorized by law to determine the question at the time the election took place, but he denies that a statute passed afterwards, changing the tribunal of review, can confer upon such tribunal jurisdiction of the matter, unless the act is held to be retro-active in its operation, and this he claims the language of the statute forbids to be done.

The legality of the petitioner's election had never been determined when the new statute came into force, nor had any proceedings been instituted to determine the question. The claim of the petitioner therefore assumes that a statute must necessarily be retro-active in its effect if it provides a new tribunal to determine a case after a cause of action has arisen. When the county courts were abolished in 1855, and all cases then pending in those courts were transferred to the Superior Court, there were no doubt hundreds of cases where causes of action existed upon which suits had not then been brought. The Superior Court assumed jurisdiction over the cases then pending in the county courts, and also over proceedings thereafter brought, based upon such then existing causes of action. Can it be said that the new statute was retro-active in its operation, especially so far as it conferred jurisdiction over suits thereafter brought upon such causes of action? *A* is indebted to *B* in the sum of one hundred dollars. Must the case be tried by a court that had jurisdiction of the matter when the indebtedness accrued? Is there such a connection between the origin of the debt and the court to try a suit that should be brought to recover it, that they cannot be separated otherwise than by a retro-active statute? What does this statute retro-act upon? It does not affect the election of the petitioner, and attempt to change it from a legal to an illegal one. It does not affect any proceedings whatever then pending. There is nothing conceivable, past and finished, that the statute affects. It simply finds a case within its purview to be tried, and authorizes its trial.

But the statute in question was clearly intended to apply to cases of this kind. It makes the common council of the city final judges of the election returns and qualifications of

its members.  By the use of the word " final " the legislature intended to divest the Superior Court of jurisdiction in such cases and make the common council the sole tribunal to determine the legality of the election of its members.  *Commonwealth* v. *McCloskey*, 2 Rawle, 369 ; *Ex-parte Strahl*, 16 Iowa, 369 ; *State* v. *Funck*, 17 id., 365 ; *Macklot* v. *Davenport*, id., 379 ; *Commonwealth* v. *Baxter*, 35 Penn. S. R., 263 ; *Commonwealth* v. *Leech*, 44 id., 332 ; *Lamb* v. *Lynd*, id., 336 ; *Commonwealth* v. *Meeser*, id., 341 ; *Greer* v. *Shackelford*, Const. R. 642 ; *Wammacks* v. *Holloway*, 2 Ala., 31 ; *Hummer* v. *Hummer*, 3 Greene (Iowa), 42 ; *State* v. *Marlow*, 15 Ohio S. R., 114 ; *People* v. *Wetherell*, 14 Mich., 48 ; *State* v. *Fitzgerald*, 44 Misso., 425 ; *Bateman* v. *McGowan*, 1 Metc., (Ky), 533 ; *O'Docherty* v. *Archer*, 9 Texas, 295.

But the petitioner claims that his rights had become permanently established when the new statute was passed, and that therefore it should be so construed that his rights would not be affected thereby.  It is difficult to see how the petitioner's right to the office of councilman had become permanently established.  The legality of his election had never been determined by the Superior Court.  Indeed no proceedings had been brought to ascertain the matter.  Nothing had been done.  If his election was illegal when it was made, it remained so till the common council took action in the matter. We think therefore that the common council had jurisdiction of the case, and that their action in the premises was in accordance with the statute.

We therefore advise the Superior Court that the return is sufficient, and that the proceeding be dismissed.

In this opinion the other judges concurred.