## JAMES S. ROGERS v. A. H. JOHNS.

1. CONTESTED ELECTIONS—APPEAL. No appeal is allowed by law, from a judgment of the District Court upon a contest of election, held under the Act of 8th May, 1873, entitled, "An Act regulating Contested Elections."

2. The determination of the result of an election is not a matter pertaining to the ordinary jurisdiction of the law in courts of justice; it is in the nature of a political question, to be regulated under the Constitution by the political authority of the State.

APPEAL from Brazoria. Tried below before the Hon. A. P. McCormick.

On the 2d day of December, 1873, an election was held in Brazoria county for five justices of the peace for said county.

James Rogers and A. H. Johns were candidates at said election for the office of justice of the peace of Brazoria county, for precinct No. 2 ; and Rogers, the appellant, having received the greatest number of the registered voters of Brazoria county cast at the different election precincts, at said election for that office, the presiding justice awarded appellant a certificate of election; appellant qualified in accordance with law, and entered upon the duties of his office.

Suit was instituted in the District Court to the January term, 1874, by Johns, for the office, on the ground that he had received the greatest number of votes of the registered voters of said precinct for the office, and was duly elected and entitled to the office.

Demurrer to the petition was overruled, and judgment was rendered for Johns for the office. Rogers appealed.

The statute under which the proceeding was taken, is as follows :

"SECTION II. If the contest be for the validity of an elec-
"tion for any district or county officer, a copy of the notices
"and other papers served on the parties shall be filed with the

" clerk of the District Court of the county in which the resi-
" dence of the party holding the certificate of election is; and
" when so filed, the entry of the trial shall be made upon the
" docket of said court, the same as in other causes, and shall be
" tried at the next term of said District Court, and upon the
" rules governing proceedings in other causes; and if, upon
" trial, any vote or votes be found to be illegal or fraudulent,
" the court shall subtract such votes from the poll of the can-
" didate for whom they were given; and, after a full and fair
" investigation of such evidence, shall decide to whom the office
" belongs; or should the election appear to have been illegally
" and fraudulently conducted, to order a new one, as the case
" may be; and the costs of suit shall be taxed by the court ac-
" cording to the laws governing costs in other causes; and such
" causes shall have precedence over all other causes."

*E. J. & E. N. Wilson*, for appellant.

*Munson & Shephard*, for appellee.

GOULD, J. Appellee Johns took the steps prescribed by the
Act regulating contested elections (Gen. Laws of 1873, page
67) to contest the election of appellant Rogers to the office of
justice of the peace of precinct No. 2, Brazoria county—for
which office they were opposing candidates at an election held
December 2, 1873. The cause was regularly docketed and
tried in the District Court of Brazoria county, resulting in a
judgment that the contestant Johns was entitled to the office.
From that judgment an appeal has been taken, or sought to be
taken, to this court. The statute does not give the right of
appeal in such cases, and we are of the opinion that no such
right exists. The determination of the result of an election is
not a matter pertaining to the ordinary administration of the
law in courts of justice, but is in its nature a political question,
to be regulated, under the Constitution, by the political au-
thority of the State. The Legislature has seen fit to constitute

the District Court a special tribunal for the trial of certain cases of contested elections. In trying such cases, the District Courts act under authority conferred by the statute, and not by virtue of any jurisdiction conferred by the Constitution. The citizen who claims an office as having received a majority of the votes at an election, must .prosecute his rights in the mode prescribed by the statute. Unless he does so, he has no such property in the office as will entitle him, in ordinary cases, to resort to the courts. No constitutional provision is infringed by denying an appeal from the decision of the District Court, when it acts in such cases as a special tribunal, and not by virtue of its constitutional powers. We regard this question as substantially settled by former decisions of this court, though under different statutes. In O'Docherty v. Archer, 9 Texas, 295, which was under a statute giving the County Court juris- diction in such cases, but giving no appeal, the court say: "In " constituting the tribunal it was optional with the Legislature " to give an appeal or not, as might best comport with their " views of public policy. As no appeal was given, the infer- " ence must be that none was intended. The terms of office " of these officers are of so short duration that, in many cases, " the term would expire before the right could be finally deter- " mined, if the parties were allowed to litigate their respective " claims through successive appeals to the court of last resort." The District Court in that case had dismissed the *certiorari*, by means of which the decision of the County Court was sought to be revised, and its action was affirmed by this court. (See also, Baker v. Chisholm, 3 Texas, 158; Arberry v. Bevers, 6 Texas; Walker v. Tarrant county, 20 Texas, 20; Lindsey v. Luckett, 20 Texas, 516.

The case of McKinney v. O'Connor was decided under a different statute, giving the right of appeal. (25 Texas.)

In Wright v. Fawcett, decided at the present term, we held that the District Court had no jurisdiction to try a case of con- tested election, where the contestant had failed to take the steps prescribed by the statute—predicating that ruling on the

ground that it had no constitutional jurisdiction in such cases. (See authorities there cited.)

For want of jurisdiction the case is dismissed.

Dismissed.

Justice Moore did not concur.