[No. 796.]

## A. GARRARD, RESPONDENT, *v.* J. B. GALLAGHER, APPELLANT.

CONTESTED ELECTION.—The contest for members of the legislature can only be made in pursuance of the provisions of the statute, (2 Comp. L. 2555 to 2560, inclusive). The proceedings are special and under our statute the courts have no jurisdiction.

IDEM—SPECIAL REMEDY.—Where the statute gives a special remedy it must be followed, and the proceedings thereunder in contested election cases are substantially different from any common law remedy.

IDEM—COSTS.—In special proceedings costs will not be allowed except by legislative action. Nor will fees be given to the officers by the courts unless specially provided for by the statute.

IDEM—REMEDY WHERE FOUND.—As there is no provision made for the fees of officers or costs expended in a contest for members of the legislature, the remedy is left entirely to the discretion of the legislature.

APPEAL from the District Court of the Eighth Judicial District, Esmeralda County.

The facts are stated in the opinion.

*Whitman & Wood,* for Appellant.

I. This contest is a special proceeding, and where its forum is a court proper, no further jurisdiction is obtained,

or power granted, than flows directly from the language of statute. (*Dorsey* v. *Barry*, 24 Cal. 449.) No costs were recovered at common law. They were first given by the statute of Gloucester, 6 Edw., 1 C. 1, which has been substantially adopted in the United States. (*State* v. *Kinni*, 41 N. H. 238; Bouvier's Law Dict., title costs, p. 370; Bacon's Abr., Vol. 2, title costs.)

II. When costs are allowed by the statute they only follow a judgment in favor of a party. It would be necessary as a ground of recovery even under a statutory right to costs, to aver and show a favorable judgment. There is no necessity to bring a suit for costs, as there is a very plain and speedy way to collect costs, viz., to issue execution therefor, and the failure so to do in this matter shows the weakness of its foundation. The truth is, the contest is a public matter. (*Minor* v. *Kidder*, 43 Cal. 229.)

*T. W. W. Davies and D. J. Lewis,* for Respondent.

1. The contest of plaintiff's election was a special proceeding in the nature of an action *inter partes*, instituted by the defendant in a private capacity for his own benefit, and upon his failure he becomes responsible for costs. (*Searcy* v. *Grow*, 15 Cal. 117 *et seq.*; *People* v. *Holden*, 28 Cal. 123.)

II. The mere fact that the legislative department has judicial authority to judge of the election and qualifications of its own members, does not oust the jurisdiction of the courts to hear and determine criminal charges, relating to false returns, tampering with ballots and returns, purchasing votes, illegal voting, etc. (2 Comp. Laws, 2588 to 2595, inclusive; Const. Nev., art. 4, sec. 10.) Then why should such jurisdiction to hear and determine an *action on the case* for a wrongful and groundless contest, instituted, perhaps, through malice, by a defeated candidate, be ousted? The legislature has no power to punish for such offenses; its functions are to enact laws, not to execute them. An attempt to hear and determine criminal charges, actions in tort, or on contract, would be an unwarrantable usurpation of judicial authority. (Const. Nev., art. 3, sec. 1.) The legislature has no power to hear and determine or to

provide for offenses and misdemeanors (except for contempt of itself); its functions are to enact laws, not to execute them. (Const. Nev., art. 4, sec. 1, *ubi supra.*)

III. Where a case is tried in the usual manner, between a petitioner claiming his seat and the sitting member, the parties carry on the contest, but neither of them recover any costs against the other. (Cush. Parl. Law, 77, sec. 212.) But this case does not come within the rule, for the reason that the contestants abandoned the contest.

IV. Where the investigation into the merits of an election, or the rights of a member to his seat, is set on foot by the assembly itself, and not at the solicitation of any claimant of the seat, the assembly either defrays the expense out of its contingent fund (if it has one), or takes measures to obtain the passage of a law for that purpose. (Cush. Parl. Law, 77, sec. 212.)

In the case under consideration, the investigation into the merits of the election, or the rights of the member to his seat, was not set on foot by the senate, nor were the costs incurred under the direction of the senate, nor in proceedings had of its own motion before it.

V. The contestant takes away from the respondent his right to look to the senate to be reimbursed for the sums which he is caused to pay as witness fees and mileage, and for fees of officers, in the matter of defending in said contest (Cush. Parl. Law, 77, sec. 212), by instituting the contest in a private capacity in his own name and for his own benefit (*People* v. *Holden*, 28 Cal. 123); also, by his failure to prosecute the contest before the senate.

The fees and mileage of sheriff, clerk, justices of the peace and witnesses are payable in advance if demanded, and a failure to so demand such fees, etc., if such failure occurred, does not work a forfeiture of such fees and mileage on the part of such officers or witnesses. (Comp. L., 2735, 2737, 2739, 2742, 2746, 2758, 2548.) The assignee of such demands acquires, by the assignments properly made, the same rights in respect to said demands that was vested in the assignor.

By the Court, HAWLEY, C. J.:

At the general election in 1874, the respondent was elected to the office of state senator in Esmeralda county. The appellant, pursuant to the provisions of section 52 of the act concerning elections (2 Comp. L. 2555), filed with the clerk of said county a statement contesting the election of respondent. During the session of the legislature, the state senate indefinitely postponed the whole subject-matter relating to said contest. (Journal of the Senate, 1875, 54.) This action is brought to recover the costs expended by respondent in defending said contest and for certain sums of money alleged to be due certain officers who performed service therein at the request of the appellant, their claims having been assigned to respondent.

The first count in the complaint is for the costs alleged to have been expended by respondent amounting to $223.75. The other counts are for the claims assigned to plaintiff (respondent herein) amounting to $103.

The appellant demurred to the first count of the complaint upon the ground that it "does not state facts sufficient to constitute a cause of action." The demurrer was overruled. Appellant then offered to allow judgment for $103, the amount of the assigned claims, which was declined by respondent. The appellant refused to file an answer, and judgment was entered, by default, in favor of respondent for the full amount claimed, viz.: $336.75. This appeal is from the judgment.

The assignments of error are as follows: "First. Error in law in the overruling of defendant's demurrer. Second. Error in law in the allowance by the court of any other or greater amount * * * than defendant had offered to allow judgment for."

From this statement it will· be observed that we are only called upon to determine whether the respondent is entitled to recover the amount included in the first count of the complaint. The contest for members of the legislature can only be made in pursuance of the provisions of the statute concerning elections. (2 Comp. L., 2555–2560, inclusive.)

The proceedings are special in their character. In such contests, under our statute, the courts have no jurisdiction. It is a well-settled rule of law that where the statute gives a special remedy it must be followed, and the proceedings thereunder, in contested election cases, are substantially different from any common law remedy. (*Dorsey* v. *Barry*, 24 Cal. 449; *Casgrave* v. *Howland*, 24 Cal. 457; *Keller* v. *Chapman*, 34 Cal. 635; *French* v. *Lighty*, 9 Ind. 475; *Knox* v. *Fesler*, 17 Ind. 254; *State ex rel. Grisell* v. *Marlow*, 15 Ohio St. 114; *Peck* v. *Weddell*, 17 Ohio St. 271; *O'Docherty* v. *Archer*, 9 Tex. 295; *Wright* v. *Fawcett*, 42 Tex. 203; *Rogers* v. *Johns*, 42 Tex. 339; *Commonwealth ex rel. Mc-Curdy* v. *Leech*, 44 Penn. St. 332; *Selleck* v. *Common Council of South Norwalk*, 40 Conn. 359.) In special proceedings costs will not be allowed, except by legislative action. (*State* v. *Kinne*, 41 N. H. 238; *Metler* v. *Easton and Amboy Railroad Co.*, 37 N. J. L. 223.) Nor will fees be given to the officers, by the courts, unless specially provided for by the statute. (*Town of Carlyle* v. *Sharp*, 51 Ill. 71; *Crittenden County* v. *Crump*, 25 Ark. 235.)

It is expressly provided by section 45 that in a contest in the district court in relation to any county office: "The clerk, sheriff and witnesses, shall receive, respectively, the same fees from the party against whom the judgment is given as are allowed for similar services in the district court." (2 Comp. L. 2548.) And where such contests are made in the courts it has been held that a citizen by instituting a suit becomes a party, and is responsible for costs if he fails. (*Searcy* v. *Grow*, 15 Cal. 122.) But there is no provision made for the fees of any officer or witnesses, or costs expended, in a contest for members of the legislature. In such cases the remedy of the parties, under the statutes of this state, is left entirely to the discretion of the legislature, and to that tribunal, instead of the courts, the respondent, if he has been damaged, must apply for relief.

The judgment appealed from is reversed, and the district court directed to enter a judgment in favor of respondent for one hundred and three dollars, without costs; and also

a judgment in favor of appellant for his costs of suit subsequent to his offer to allow judgment, including the costs of this appeal.