CHARLES L. BLANDING *vs.* WILLIAM F. SAYLES.

PROVIDENCE—JULY 23, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *New Trial. Appellate and Common Pleas Divisions. Appointment of Auditors. "Decision" (of Common Pleas Division) "to be Final."*

The decision of the Common Pleas Division rendered upon the report of an auditor, under Gen. Laws cap. 245, § 17, is final and cannot be reviewed by the Appellate Division upon petition for new trial. Hence the order of the Common Pleas Division vacating its decision theretofore rendered upon the report of an auditor and assigning the case for hearing on exceptions of defendant cannot be reviewed by the Appellate Division.

PETITION FOR NEW TRIAL. For a full statement of the previous travel of this case, see 21 R. I. 512. Heard on petition of plaintiff for a new trial, and petition denied.

ROGERS, J. This case has been before this Division three times : 1st. Upon the defendant's petition for a new trial; 2nd. Upon the plaintiff's petition for a new trial ; and now, 3rd, upon a full re-argument of the last mentioned petition. The various questions in this case are so interlinked that a consideration of them all is necessary in determining the particular question before us, for in our opinion the proper determination of both petitions for a new trial hinges upon the construction of the word "final," as used in Gen. Laws R. I. cap. 245, § 17.

The case is assumpsit for money had and received, and, as soon as a jury had been empanelled for the trial thereof in the Common Pleas Division, the parties entered into an agreement in writing for the appointment of an auditor under said

chapter 245, section 10, and the following sections.   Section
18 of said chapter provides that every reference to referees or
auditors under the provisions of said chapter, when made by
agreement of all the parties, shall be deemed a waiver of any
claim for jury trial; and section 17 provides that the court,
upon the reception of the auditor's report, if no legal cause
be shown against the allowance of the same, shall render
such decision thereon as to right and justice shall appertain;
such decision to be final, unless within two days thereafter
the plaintiff or defendant shall in writing file with the clerk
of the court in which said cause is pending, a demand for
jury trial, if the same has not been waived.

The Common Pleas Division directed the entry of the agree-
ment as its order, and issued a commission to the auditor
agreed upon, who heard the case and filed his report.   The
defendant excepted to the report, but his exceptions were
overruled by the Common Pleas Division, which after more
or less of a hearing of the parties, rendered what purported
to be a decision confirming the report, whereupon the defend-
ant filed notice of his intention to prefer a petition for a new
trial within five days of the rendering of said decision, and
within fifteen days thereafter filed his petition for a new
trial, the statement of rulings, etc. having been allowed by
Mr. Justice Douglas, who rendered the decision.

This Division rendered an opinion upon said defendant's
petition for a new trial and denied it.. 21 R. I. 211.   That
opinion decided just two points of jurisdiction, and nothing
more, viz.: 1st.   That the Common Pleas Division had juris-
diction over the case, it having been contended that inasmuch
as Gen. Laws R. I. cap. 239, § 1, provides, *inter alia*, that
whenever in the Common Pleas Division jury trial is waived
by agreement of the parties, the case shall be certified to the
Appellate Division for final determination, and inasmuch as
by said chapter 245, section 18, the filing of the agreement
of reference to an auditor is deemed to be a waiver of any
claim for jury trial, the case should be treated as one in
which the parties have expressly waived a jury trial, and con-
sequently should be certified to the Appellate Division in

accordance with chapter 239, section 1, and the commission should be issued by that Division.

The second point of jurisdiction decided was that the decision of the Common Pleas Division on exceptions to the auditor's report cannot be reviewed in this Division on petition for a new trial.

It has been stoutly contended that this Division in its opinion above referred to, decided that the decision of the Common Pleas Division was a final one, and hence it is urged that the Common Pleas Division has exhausted its authority and can only render judgment upon its decision confirming the auditor's report. The writer of this opinion has had no connection with this case prior to the re-argument now under consideration and hence has no knowledge from participation in prior stages of the case, but a majority of the court that rendered the opinion reported in 21 R. I. 211, declares in 21 R. I. 512, 514, that they did not decide in that former opinion that the decision of the Common Pleas Division of June 18, 1898, being the one already referred to, was a final one. In its former opinion all that the court had apparent occasion to decide was the question of jurisdiction. All the references to the decision of the Common Pleas Division in that opinion are as follows, viz.: "The second question presented by the record is whether the decision of the Common Pleas Division on exceptions to the auditor's report can be reviewed in this Division on petition for a new trial. We do not think that it can be so reviewed. . . . To permit a petition for a new trial for review of the decision of the Common Pleas Division would ignore the words ' such decision to be final.'" That treats the decision of the Common Pleas Division as a mere abstraction, and amounted only to saying, that this Division had nothing to do with it because the decision of the other Division, if already rendered, or, if not, when rendered, was final and this Division had no jurisdiction in the matter. Having decided that the Common Pleas Division had jurisdiction, practically decided that under said chapter 245, section 17, this Division had nothing more to do with it, unless,

indeed, perhaps, the Common Pleas Division had been guilty of fraud or *mala fides* in the matter.

The case of *Ackerman* v. *Taylor*, 9 N. J. L. (4 Hal.), 65, well indicates the reason and propriety, not to say the absolute necessity, of this Division looking into the jurisdiction of the Common Pleas Division in this case, and when finding that it had jurisdiction, not to trench upon its authority. That case arose under the act of New Jersey of 1798 respecting apprentices and servants (Rev. Laws, 366), and provided, section 5, that in case of certain conduct on the part of any clerk, apprentice or servant, or on the part of the master or mistress respectively, so that either clerk, apprentice or servant, or his master or mistress, are aggrieved and have just cause of complaint, they may respectively repair to a justice of the peace who shall take order and direction in the matter and if he cannot compose the differences he shall call to his assistance two other justices, which three justices were to constitute a court for the hearing and disposition of such differences, with a right of appeal to the next court of general quarter sessions of the peace in and for the county ; and though the statute did not state, *ipsissimis verbis*, that the quarter sessions' determination should be final, yet that was the clear meaning of it, and section 10 provided that no writ of *certiorari* or other process, shall issue or be issuable, to remove into the Supreme Court, any proceeding had in pursuance of said act, before any justice or justices of the peace, or before any court of general quarter sessions of the peace. The complaint was made *by the father* of the apprentice, who was not authorized under said statute to make such a complaint. The justices of the peace made, and the quarter sessions, on appeal, confirmed an order discharging the apprentice, and the Supreme Court on *certiorari* quashed the order. The Supreme Court speaking through Ewing, C. J., said, p. 69,—"The ground on which our decision is made avoids the objections of the counsel of the defendant to the writ of certiorari. He admits in his brief that ' where the inferior court has exceeded its jurisdiction, or has exercised a jurisdiction over matters not given to it by statute, there are a few instances where a cer-

tiorari has been granted.' Now if we are right in our views of the subject, the inferior tribunals have 'exceeded their jurisdiction,' and 'have exercised a jurisdiction over matters not given to them by statute.' The general superintending power of this court over the proceedings of inferior tribunals, especially of such as are created by statute, and possess special powers only, and exercise a limited jurisdiction, is unquestionable. If their proceedings are declared by the legislature to be final and conclusive, we shall not enquire whether they have justly and properly exercised the powers confided to them, but we are bound to take care that they do not exercise powers which they do not legitimately possess. In the language of the court of King's Bench, in the case of *The King* v. *The Inhabitants of Glamorganshire*, 1 Ld. Raym. 580, ' This court will examine the proceedings of all jurisdictions erected by act of parliament, and if they, under the pretence of such act, proceed to encroach jurisdiction to themselves greater than the act warrants, this court will send a certiorari to them to have their proceedings returned here ; to the end that this court may see that they keep themselves within their jurisdiction, and if they exceed it to restrain them.' The powers heretofore confided to this court may unquestionably be abridged or taken away by the authority of the legislature. This effect, however, has not been produced ; nor was it intended by the tenth section of the act respecting apprentices and servants. We may not indeed intermeddle with proceedings had ' in pursuance of ' that act. But we are not thereby prohibited from enquiring whether the proceedings have been in pursuance of the act, whether under the supposed authority of that act an excess of jurisdiction has not occurred."

This Division decided, and it seems to us properly decided that the Common Pleas Division, and not the Appellate Division, had jurisdiction of the case after the entry by agreement of the order appointing an auditor. This Division also decided that we cannot review the decision of the Common Pleas Division on exceptions to the auditor's report upon a petition for a new trial. Although this Division, in its opin-

ion, referred to no authorities, yet that opinion seems to us to be well founded both in reason and on authority.

In *Coon* v. *Mason County*, 22 Ill. 666, which was a proceeding under section 38 of the chapter entitled "Roads,". (Rev. Laws Ill. 1845), which provides that the decision of the Circuit Court shall be final, the court said,—"We are of the opinion that the legislature intended to prohibit the prosecution of a writ of error as well as an appeal."

In *Moore* v. *Mayfield*, 47 Ill. 167, which was a motion to dismiss a writ of error on the ground that the decision of the Circuit Court was final, the language of section 49 of the election law (Rev. Stat. Ill. 1845, 224), which controlled the question, was explicit that on an appeal to the Circuit Court from the decision of the justices in the matter of a contested election, like the one under consideration, the decision of that court " shall be final." The court dismissed the writ of error.

*Simon* v. *Portland Com. Council*, 9 Ore. 437, was an appeal from the judgment of the Circuit Court for Multnomah county, quashing a writ of review directed to the common council of the city of Portland. Section 22 of the charter of the city of Portland, provided that " the council is the final judge of the qualifications and election of the mayor and its own members." The court after referring to a number of cases said, page 443,—" A final judge is therefore one whose decisions are final *and* conclusive ; " and it affirmed the judgment of the Circuit Court quashing the writ of error on the ground that the decision of the council was final and conclusive.

In *Selleck* v. *Common Council of South Norwalk*, 40 Conn. 359, an amendment of a city charter provided that " the board of councilmen shall be the final judges of the election returns, and of the validity of elections and qualifications of its own members." Before the amendment the Superior Court had jurisdiction of the matter. The court said, the statute " makes the common council of the city final judges of the election returns and qualifications of its members. By the use of the word ' final ' the legislature intended to divest the Superior Court of jurisdiction in such cases and make the

common council the sole tribunal to determine the legality of the election of its members."

In *The Queen* v. *Hunt*, 6 El. & Bl. 408, the case was one of *certiorari*. Stat. 7 & 8 Vict. c. 101, s. 39, makes the decision of the auditor of the poor law on any question as to an attorney's bill, in certain cases, final, the exact language being,—"the auditor's decision on the reasonableness as well as the legality of the charges shall be. final." The Queen's Bench delivered their opinions *seriatim*, and all concurred. Campbell, C. J., *inter alia*, said : "Why is the decision of this auditor not to be final ? Mr. Pashly boldly says that the words are to be of no effect. But we are bound to give effect to what appears to be the intention of the legislature. It is true that, where a certiorari would lie by common law nothing but express words will take it away ; but this is a very different case. The certiorari here is given by way of appeal against decisions of the auditor. It would not lie without an express enactment ; and in the same statute it is declared that, under certain circumstances, the decision shall be final ; that takes such cases out of the enactment giving the certiorari. Mr. Bittleston argued in a manner that made a much greater impression upon me, viz.: that, if the full effect was given to the word 'final,' the enactment would lead to absurd results. But, as it seems to me, no other sense can be given to the word than that the decision of the auditor that the parish is not liable shall be conclusive. I am not bound to inquire whether this is reasonable or not. Where the words of the legislature may bear two meanings, by all means let us take the more reasonable meaning ; but in such a case as this, where the words can bear but one meaning, I obey without inquiring whether the enactment is reasonable or not." Wightman, J., said,— "I own I find it difficult to imagine what could be the object of the legislature ; but I feel bound by the words of the enactment, which, unless the word final be rejected altogether, can, I think, bear no meaning except that the decision shall be without appeal." Erle, J., said, among other things, "Neither can I read 'final,' as meaning 'final unless appealed against.' Prob-

ably that was the object of the legislature; but it cannot be done without reforming the words of the statute; and therefore I agree that this rule must be discharged." Crompton, J., said,—"I do not see that the construction I put upon the words of the legislature leads to an absurdity; but, whether it does or not, I must give the word 'final' some meaning; and I think it can be no other than that the decision shall be final, that is, not subject to the appeals given in the previous sections."

The last authority we will cite is 13 A. & E. Enc. of L. (2nd ed.), 19, where it is laid down as follows, viz.: "Final means conclusive, from which there is no appeal."

When this Division in the case at bar decided that the Common Pleas Division had jurisdiction it simply remitted the case to that Division without order or direction, doubtless feeling as expressed by Ewing, C. J., in *Ackerman* v. *Taylor, supra,*—"If their proceedings are declared by the legislature to be final and conclusive, we shall not enquire whether they have justly and properly exercised the powers confided to them."

Gen. Laws R. I. cap. 223, § 1, provides that the Common Pleas Division of the Supreme Court shall be holden by some one or more of the justices of the Supreme Court, to be from time to time designated by the chief justice. Section 2 provides that any one justice of the Supreme Court designated as provided in section 1 of said chapter, shall be a quorum of the Common Pleas Division of the Supreme Court for all purposes whatsoever, and section 3 provides that nothing herein contained shall be so construed as to prevent said Division being holden for any purpose by two or more justices thereof.

After the case was remitted by this Division to the Common Pleas Division the plaintiff moved in that Division that judgment for the plaintiff be entered on the decision of that Division rendered June 18, 1898; while the defendant moved *a.* that the decision might be vacated, or *b.* that judgment upon said decision might be arrested until full hearing could be had in that Division upon the exceptions and objections filed by the defendant to the auditor's report, and *c.* that

said cause might be set down for a hearing in that Division upon such exceptions and objections. The defendant's motion was preceded as a part thereof, by a statement of causes for the making of the same, and was substantially as follows : that said decision was rendered by said court *pro forma* and without full hearing upon the defendant's objections and exceptions, and upon the understanding by the court and counsel on both sides that exceptions to such decision would be taken by the defendant, and that upon a petition for a new trial to be filed by the defendant, the Appellate Division of this court would hear and determine the questions whether the report of the auditor was final or reviewable upon the exceptions taken by the defendant, and if so reviewable, by which Division of the Supreme Court it should be reviewed ; that the defendant duly petitioned for a new trial and the Appellate Division has held that the decision of this (*i. e.* the Common Pleas Division) on exceptions to the auditor's report cannot be reviewed in the Appellate Division on a petition for a new trial, and has remanded said cause to this Division ; that by reason of the proceedings aforesaid, the defendant has been deprived of a hearing upon his exceptions and objections to the auditor's report, and upon the question raised by such objections and exceptions as to whether said report is final and conclusive or subject to review in this court upon exceptions and objections taken by the defendant as hereinbefore set forth, which questions should be fully heard and determined by this court before final decision and judgment in the cause is rendered.

After the case had been remitted to the Common Pleas Division and the motions of the plaintiff and defendant respectively just referred to had been filed, the justice of that Division who had rendered the decision summoned to his assistance on the hearing of said motions, two of his associates of that Division, as he had the right to do, and the result was that the decision of June 18, 1898, was recalled, and after a full hearing before the three justices of that Division the case was set down for hearing upon the defendant's objections and exceptions. The rescript rendered by

the three justices is reported in 21 R. I. 513. Thereupon the plaintiff excepted and filed a petition for a new trial before the Appellate Division, hearing whereon was had and opinion rendered as appears by the report thereof in 21 R. I. 514. The petition for a new trial having been denied, the plaintiff applied for a re-argument which has been had in full, both orally and upon printed briefs, and it is the consideration of that re-argument that occasions this opinion.

The insistence of the plaintiff upon the re-argument was that the Appellate Division had decided (21 R. I. 211) that the decision of the Common Pleas Division was final and that it had on June 18, 1898, rendered such final decision; hence said Common Pleas Division had exhausted its power to act; and when the case was remitted to that Division its only power was to enter judgment on its decision, and it had no authority to recall that decision and take any further proceedings, the opinion of the Appellate Division having practically settled the whole matter.

That reasoning does not seem to us well founded. Notwithstanding the insistence of the plaintiff that this court decided that the Common Pleas Division had made a final decision, a majority of the court sitting when such decision is alleged to have been made, have said (21 R. I. 514) they did not so decide. Whether the court so decided or not, it had no power to so decide, for, if it had no power in this case to review the other Division, what right had it to characterize its decisions or action at all? This Division distinctly, and it seems to us properly, has said that it has no power of review in this case. As the legislature has declared the decision of the Common Pleas Division in this case to be *final*, "we shall not," in the words of Ewing, C. J., already quoted, "enquire whether they have justly and properly exercised the power confided to them." The counsel insists that though we have no power of review, yet that the other Division must enter up judgment on our opinion. If that is so, then it would be *our* judgment, and *not theirs*, and yet the statute provides that *their* decision shall be final, and *not* ours.

The counsel has referred to numerous authorities that

after a case has been remitted from the appellate to the inferior court, the latter cannot alter the action of the former, and then deduces as a consequence therefrom this conclusion, viz.: "The cases hereinbefore cited show that appellate courts have decided always that where a lower court, after a matter has been appealed therefrom and decided by an appellate court and remanded to said lower court, has attempted to open it for any purposes whatever, that such a thing could not be tolerated; that the lower court had authority only to carry into effect the decision of the appellate court as expressed in its opinion, and that for no other purpose could the cause again come before such court for its consideration." All the cases cited were where there was a right of appeal from the lower to the appellate court. In this case, however, the appellate court recognized there was no appeal to it, nor power to review, and therefore of set purpose it refrained from making any order otherwise than remitting it to the Common Pleas Division; but such remitting was no order either express or implied, except to proceed as the law required, and it did not say what the law required. The only thing it said, besides saying that the Common Pleas Division, and not itself, had jurisdiction of the case, was that a decision of the Common Pleas Division in a suit like this on exceptions to the auditor's report cannot be reviewed in this Division on petition for a new trial.

This case is one on a peculiar footing, put there by the voluntary agreement of parties, wherein, the Common Pleas Division having upon the express agreement of the parties referred it to an auditor, the duty is devolved upon that Division that it, in the words of the statute, "upon the reception of the report, if no legal cause be shown against the allowance of the same, shall render such decision thereon as to right and justice shall appertain; such decision to be final, unless within two days thereafter the plaintiff shall, in writing, file with the clerk of the court in which said cause is pending, a demand for jury trial, if the same has not been waived." As jury trial had been waived the decision of that Division is to be final.

(1)    The final disposition of the case depends, not upon a decision of the Common Pleas Division that shall, or may, be sustained by the Appellate Division on appeal or review, but upon such a decision of the Common Pleas Division as to right and justice shall appertain in its opinion, and such a decision is to be final.

When that Division has arrived at such a decision in its own opinion, it will enter judgment and cause an execution to be issued to enforce the same, without reference to or interference by this Division. If it renders any decision that under Gen. Laws cap. 246, § 2, or under any other provision of the statute, it thinks it can recall, its opinion, and not ours, is the one to prevail in this case. In brief, the Common Pleas Division having exclusive jurisdiction in this case, as we think it has, the Appellate Division has no power in or control over it, and though the Common Pleas Division may make error after error in our opinion, it matters not, for error depends upon the standard of judgment erected, and in this case the legislature upon the agreement of parties has made the opinion of the Common Pleas Division the standard of judgment. There seems nothing strange to us in this, for the justices of the Common Pleas Division are members of the Supreme Court like ourselves, the only difference being that the chief justice has delegated them to hold court in the Common Pleas Division for the time being, and this peculiar tribunal could not have been imposed upon the parties but by their own agreement.

This Division on a former hearing said that the orders of the Common Pleas Division vacating its decision and assigning the case for hearing on the defendant's exceptions to the auditor's report were merely interlocutory, and a petition for a new trial cannot be properly filed until a final decision has been reached in that Division. While the decision denying the petition for a new trial is right in our opinion, yet the ground on which it is placed may be misleading, for this Division has no power, in our opinion, to review on a petition for a new trial either an interlocutory order or a final decision rendered by the Common Pleas Division in this case, inas-

much as by statute, in connection with the agreement of parties, the decision of the Common Pleas Division is to be final.

Petition for a new trial denied, and case remitted to the Common Pleas Division for further proceedings.

*Miller & Carroll*, for plaintiff.

*Edwards & Angell*, for defendant.