Nat. Grand Lodge of U. B. of F. & S. of M. T. v. U. B. of F. of Oklahoma.

NATIONAL GRAND LODGE OF UNITED BROTHERS
OF FRIENDSHIP AND SISTERS OF THE MYS-
TERIOUS TEN v. UNITED BROTHERS
OF FRIENDSHIP OF THE JU-
RISDICTION OF OKLA-
HOMA.

No. 1696.    Opinion Filed January 21, 1913.

(129 Pac. 724.)

**BENEFICIAL ASSOCIATIONS**—Determination of Fraternal Rights—
Jurisdiction. In controversies between individual members of a
secret fraternal organization, where civil or property rights, rights
as citizens, as contradistinguished from purely fraternal rights,
are involved, the civil law is superior to the constitution and
by-laws of such order, and the civil courts have jurisdiction to
determine such controversies; but where the rights involved are
purely fraternal rights, created under, limited, defined, and deter-
mined by the constitution and by-laws of such order, the civil
courts have no jurisdiction.

(Syllabus by Harrison, C.)

*Error from Superior Court, Logan County;*
*J. M. Sandlin, Judge.*

Action by the United Brothers of Friendship of the Juris-
diction of Oklahoma against the National Grand Lodge of United
Brothers of Friendship and Sisters of the Mysterious Ten. Judg-
ment for plaintiff, and defendant brings error. Reversed, with
instructions.

*Brown & Stewart, S. T. Wiggins,* and *James Hepburn,* for
plaintiff in error.

Opinion by HARRISON, C. This suit was instituted in the
alleged behalf of the United Brothers of Friendship of the Juris-
diction of Oklahoma by John F. Anderson as an alleged Grand
Master of said fraternal order, represented by himself and E. I.
Saddler as attorneys. The plaintiff claimed in substance: That
prior to May, 1906, by virtue of a commission as Deputy Na-
tional Grand Master issued to John F. Anderson by W. A.
Gaines, the then National Grand Master of said order, he, the

said John F. Anderson, had organized lodges, temples, and juveniles within the territory of Oklahoma. That in May, 1906, having a sufficient number of lodges, temples, and juveniles to entitle this jurisdiction to a grand lodge, the said John F. Anderson, by virtue of said commission from the National Grand Master and by virtue of the constitution and by-laws of said National Grand Lodge, organized a Grand Lodge for the jurisdiction of Oklahoma in the city of Guthrie, the said John F. Anderson then being duly constituted Grand Master of said lodge. That in June, 1907, plaintiff incorporated said Grand Lodge under the laws of the territory of Oklahoma. That thereafter, in May, 1908, and after statehood, the said W. A. Gaines filed articles of incorporation of the National Grand Lodge with the Honorable William Cross, Secretary of State of Oklahoma, and procured a charter thereupon. That such action on the part of said Gaines was in violation of the rights of plaintiff Grand Lodge, and was knowingly done for the purpose of defrauding and injuring plaintiff lodge. Plaintiff filed copies of the constitution and by-laws of said National Grand Lodge and of said State Grand Lodge, and marked same as exhibits to and part of its petition. That in August, 1907, the said W. A. Gaines, then wrongfully claiming to be the National Grand Master of said lodge, visited the jurisdiction of the plaintiff, and, associating himself with one P. Delancy, E. I. Nickins, and M. H. Martin, and others, called and held a meeting purporting to be a meeting of the Grand Lodge of this jurisdiction, at which the said P. Delancy was elected Grand Master, who thereupon proceeded to the various lodges, temples, and juveniles, and held himself out to be Grand Master of the Grand Lodge for the jurisdiction of Oklahoma. That the said W. A. Gaines on said date was not the National Grand Master of defendant National Grand Lodge, for that at an election held prior to that time one W. M. Farmer had been elected to the office of National Grand Master according to the constitution and by-laws of the National Grand Lodge, and that, although defeated at said election, the said W. A. Gaines had wrongfully contrived to maintain himself in office as National Grand Master, and had persisted in wrongfully exer-

cising authority as such officer. That thereafter, not having lawful authority to act as National Grand Master, he had no authority to call the said meeting of plaintiff Grand Lodge, and that the whole proceedings under which P. Delancy was elected Grand Master were unlawful and void, and that all authority exercised and all proceedings had by said P. Delancy under said authority were in violation of the rights of plaintiff, and in conflict with the authority of said John F. Anderson, the lawful Grand Master of plaintiff.

Plaintiff further alleged that the said W. M. Farmer was then the regular National Grand Master, and as such recognized the said John F. Anderson as Grand Master of plaintiff Grand Lodge. Plaintiff further alleged that it existed under and by virtue of authority from the National Grand Lodge, and that it, together with all other State Grand Lodges, was subservient to the National Grand Lodge, and prayed that said National Grand Lodge be perpetually enjoined from encroaching upon, or interfering with, the rights of plaintiff by or through the said P. Delancy as Grand Master of plaintiff, elected as aforesaid, and further prayed that a mandate issue to the Secretary of State ordering the cancellation of the said charter of said National Grand Lodge.

To this petition the defendant answered, in substance denying the material allegations in the petition, and further alleging that the National Grand Lodge is a fraternal and secret order among the colored people of the United States, and designated as the United Brothers of Friendship and Sisters of the Mysterious Ten. That as such it, the National Lodge, has supreme control and exercise of jurisdiction over all the various state lodges and all lodges inferior thereto throughout the United States; that it is the supreme source of all laws, rules, and regulations governing subordinate lodges; that it was organized in the state of Kentucky about the close of the Civil War for the general good and uplift of the colored people and for their advancement morally, intellectually, and religiously, and to better enable them to become good citizens of the United States; that, in order to avoid factional differences and to minimize friction

between state lodges, it became necessary to organize said order as a national institution, which in 1908 was done; that one of the paramount purposes of said national organization was to provide a sure, just, and adequate means of determining persons rightfully entitled to offices in all subordinate lodges, and that the only friction in Oklahoma is the question of who are the rightful officers of plaintiff, and not a friction between the National Lodge and the State Lodge, and that said question does not come within the jurisdiction of the civil courts so long as it may be settled within and by the laws of the order, and where no civil or property rights are involved. It further alleged that the said P. Delancy was a true and lawful Grand Master and one T. S. E. Brown was a true and lawful secretary of plaintiff Grand Lodge, and that their authority came from the National Grand Lodge according to the laws thereof, and that the said John F. Anderson had been suspended from said order, was no longer Grand Master, and that he and those acting with him in the institution of this suit were wholly without legal authority from plaintiff to bring such suit. Wherefore they prayed that the temporary injunction theretofore issued be dissolved, and that defendant have judgment for its costs in this action.

The suit was originally filed in the district court of Logan county, and upon the petition filed, at an *ex parte* hearing, a temporary restraining order was issued by the judge of the district court. Thereafter the cause was transferred to the superior court of Logan county and at the May term, 1909, at a hearing in said matter, the temporary injunction was made perpetual.

It is urged by counsel for plaintiff in error that:

"The real question involved in this controversy as shown by the pleadings is: Who were the legitimate officers of the plaintiff in error?"

This point is well taken; for, while the suit is brought in the name of the Grand Lodge of the state against the National Grand Lodge, yet the record discloses no conflict or controversy between the State Lodge and the National Lodge as corporate bodies, but merely a controversy between individual members of such lodges as to who are the proper officers under the con-

742 SUPREME COURT OF OKLAHOMA.

Nat. Grand Lodge of U. B. of F. & S. of M. T. v. U. B. of F. of Oklahoma.

stitution and by-laws of the order. The real controversy here is whether John F. Anderson or P. Delancy is the legitimate Grand Master of the Grand Lodge of this jurisdiction. A determination of this controversy necessarily depends on whether W. A. Gaines or W. M. Farmer was the National Grand Master of the National Grand Lodge. As to which of the two was entitled to the office in question is not of itself a civil right over which the courts of law or equity have jurisdiction, but is purely a fraternal right created under and determined by the constitution and by-laws of the fraternity. A settlement of the controversy between Farmer and Gaines as to which was the lawful Master of the National Grand Lodge was sought in the courts of Texas in *Gaines v. Farmer,* 55 Tex. Civ. App. 601, 119 S. W. 874, wherein the same election was contested and wherein the Texas Civil Court of Appeals in declining jurisdiction over the controversy, held:

"We think it is a well-established rule of law that the civil courts will not interfere with the internal operation of such association of private individuals or assume to review their failure to conduct their business affairs according to the laws and rules of the order, except for the purpose of protecting some civil or property right of the party complaining. When the National Grand Lodge, the proper tribunal of this association, passed upon and declared the result of that election, it was binding upon the courts and all concerned, unless it be shown that the result was accomplished through a proceeding violative of the rules and laws of the order, and that Farmer was thereby deprived of a civil or property right to which he was entitled under the constitution and by-laws of the order. By-laws adopted for the government of such organization are regarded as a contract of the members with one another, and by these their individual rights as such members are to be determined in the conduct of the business affairs of the association. * * * Simply testing an election for the purpose of having the complaining party declared the person elected is not a matter of which courts of justice can take cognizance."

*Williamson v. Lane,* 52 Tex. 335; *Ex parte Towles,* 48 Tex. 413; *Rogers v. Johns,* 42 Tex. 339. It is not shown by the record in the case at bar that any civil or property rights have been infringed upon, and while the law of the land is superior

to the laws of any fraternal organization, so far as civil rights
are involved, and are so recognized by the constitution and by-
laws of both plaintiff and defendant herein and are also in
their pleadings, yet the civil courts have been very cautious in
assuming jurisdiction over controversies arising between individ-
ual members of such organization over purely fraternal rights
which of necessity must be determined by the laws of the organ-
ization. *Watson v. Jones,* 13 Wall. 679, 20 L. Ed. 666; *Harmon
v. Dreher,* Speers' Eq. 87; *Den v. Bolton,* 12 N. J. Law; 206;
*Ferraria v. Vasconcelles,* 23 Ill. 456; *State ex rel. Watson v.
Farris,* 45 Mo. 183.

A determination of the real controversies presented by this
record would not be an alleviation of any friction between the
two lodges, for the record shows no such friction or conflict
of rights between the two lodges, but would merely be a settle-
ment of the question whether John F. Anderson or P. Delancy
is the legitimate Grand Master of the Grand Lodge of this juris-
diction.   Under the weight of authority the civil courts have
no jurisdiction in such matters.   Besides, there is another very
potent reason why the order of the court below would work an
injury upon both lodges and should not be sustained, which is
that it does not settle the real controversy involved, namely,
whether Anderson or Delancy is the Grand Master.   But the
ultimate effect of the order is the restraining of the National
Lodge from exercising authority over the State Lodge.   This is
the very opposite of what is sought; for it appears from the
record that there is no desire on the part of the National Lodge
to exercise any improper authority over the State Lodge, nor
is there any disposition on the part of the State Lodge to resist
the lawful authority of the Grand Lodge.   It is confessed, not
only in the pleadings of the plaintiff and the evidence submitted
by it, but also shown by the constitution and by-laws of both
orders, that the plaintiff Grand Lodge of Oklahoma derives all
of its authority and right of existence from the National Grand
Lodge, and is wholly subservient to the interests of the National
Lodge and obedient to its authority.   Hence, to sustain the order
of injunction granted by the court below would have the logical

effect of depriving the plaintiff Grand Lodge of its very right of existence by restraining the National Grand Lodge from exercising authority over it; for it must be observed that the suit is not brought in the name of the State Lodge to restrain W. A. Gaines from wrongfully usurping the authority of the National Grand Lodge, nor does it complain that the articles of incorporation of the National Grand Lodge, which are alleged to have been filed by W. A. Gaines, are not the valid articles of incorporation of the National Grand Lodge. In fact, the corporate validity of the National Grand Lodge is not questioned. Its validity is confessed, and yet the plaintiff prays for an injunction and obtained an order which in effect deprives the National Grand Lodge from doing business within this state, plaintiff at the same time confessing that it exists by virtue of authority derived from the National Grand Lodge. The record does not sustain such an order nor does it disclose wherein any civil rights as citizens, as distinguished from purely fraternal rights as a member of the order, are involved. Nor does it disclose facts which give the court jurisdiction to determine either the controversy between Gaines and Farmer or that between Anderson and Delancy.

Therefore the order of the superior court should be dissolved, with instructions that the cause be dismissed.

By the Court: It is so ordered.